MURRAY et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH
CO. et al.

(District Court, E. D. South Carolina. July 25, 1913. On Petition for Rehearing, January 13, 1914.)

1. REMOVAL OF CAUSES (§ 86*) — PETITION FOR REMOVAL — VERIFICATION —
"DULY VERIFIED."

Under section 29 of the Judicial Code (Act March 3, 1911, c. 231, 36
Stat. 1095 [U. S. Comp. St. Supp. 1911, p. 142]), which provides that a
petition for removal shall be "duly verified," what constitutes a due verification depends somewhat on the contents of the petition. Conclusions of
law stated as grounds for the removal do not require verification, and
where facts alleged as the ground are positively stated, a verification that
the facts are true except such as are alleged on information and belief is
sufficient.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132,
166–179; Dec. Dig. § 86.*

For other definitions, see Words and Phrases, vol. 3, p. 2265.]

2. REMOVAL OF CAUSES (§ 86*) — VERIFICATION OF PETITION FOR REMOVAL —
AMENDMENT.

A verification of a petition for removal which is only slightly and not
substantially defective may be amended by leave of court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132,
166–179; Dec. Dig. § 86.*]

3. REMOVAL OF CAUSES (§ 61*)—SEPARABLE CONTROVERSY—JOINDER OF CAUSES
OF ACTION.

Under the system of practice and pleading in South Carolina, a complaint, in an action against a telephone company and its agent, which alleges that while plaintiffs were conversing over a long distance wire of
the company they were compelled to discontinue before the expiration of
the time for which they paid, in violation of the company's contract and
of its duty as a public service corporation, and also alleges that abusive
and indecent language was used toward plaintiffs over the wire by defendants, states two distinct and separable causes of action, the first of which
is against the defendant company alone and entitles it to remove the cause
where the requisite diversity of citizenship exists between it and the
plaintiffs.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115;
Dec. Dig. § 61.*]

At Law. Action by Joseph Murray and Mary Elizabeth Murray
against the Southern Bell Telephone & Telegraph Company and Forest McDuffie. On motion to remand to state court. Denied.

J. P. K. Bryan, of Charleston, S. C., and R. L. Weeks, of St. George,
S. C., for plaintiffs.

Smythe & Visanska and W. H. Grimball, both of Charleston, S.
C., for defendants.

SMITH, District Judge. This cause came on to be heard upon an
application to remand the same to the court of common pleas for Dorchester county in the state of South Carolina, and, due notice having
been given of said application, counsel on both sides having been heard,
it is thereupon ordered and adjudged as follows:

The action is an action at law originally instituted in the court of

common pleas for Dorchester county in the state of South Carolina. Thereupon the defendant the Southern Bell Telephone & Telegraph Company filed·a petition for removal of the action to this court upon two grounds: First. That there was involved in the action a controversy wholly between the plaintiffs, who were citizens of the state of South Carolina, and the defendant the Southern Bell Telephone & Telegraph Company, a citizen of the state of New York and a nonresident of the state of South Carolina. Second. That in all the controversies set up in the complaint herein as constituting the causes of action herein the Southern Bell Telephone & Telegraph Company is the real and only defendant, and that Forest McDuffie, the other defendant, who was a citizen of the state of South Carolina, was merely joined as such for the purpose of preventing the removal of the action to this court for trial, and that his joinder was there fraudulent.

The plaintiffs have moved that the cause be remanded to the court of common pleas for Dorchester county upon the following grounds:

1. That the statute requires the petition for removal to be "duly verified" and the petition in this cause is not duly verified.

2. That there is no separate controversy in the cause in that the complaint alleges but one single cause of action and tort.

3. That no scienter is alleged in the petition on the part of the plaintiffs herein as to the fraudulent joinder of the defendant Forest Mc-Duffie; that is, there is no allegation in the petition for removal that at the time of the joinder the plaintiffs well knew that the said Forest McDuffie was not a proper party defendant nor responsible as such upon any cause of action set up in the complaint and that his joinder was therefore not made in good faith, but was fraudulent.

[1] I. As to the sufficiency of the verification of the petition:

The Judicial Code of the United States, § 29, prescribes only that the petition shall be "duly verified." The "due" verification of a petition would somewhat depend upon the contents of the paper and the circumstances of the case. Where a petition for removal is filed upon the ground that the cause of action set up in the complaint is one arising under the Constitution or laws of the United States, it would be a matter to be determined as a conclusion of law upon an inspection of the complaint. There would be no matters of fact to be set up in the petition to be verified. The swearing by a petitioner that the matters of law alleged by him in his petition as cause for removal would be no verification. The only verification required in such case should be a proper verification that the party purporting to make the application to remove does actually make the same.

[2] The only matters in a petition for removal which the party seeking removal can verify under oath are matters of facts. The citizenship of the Southern Bell Telephone & Telegraph Company appearing on the face of the complaint itself in this case, the petition for removal alleges only two matters of fact as to which the verification would apply. These are the citizenships of the plaintiffs as being citizens of South Carolina, and that McDuffie was not in the employ of the defendant the Southern Bell Telephone & Telegraph Company; but the· petition refers to as annexed to it the affidavit of McDuffie, which is in correct form and made positively and is duly verified, which leaves

the only matter of fact pleaded in the original petition for verification the citizenship of the plaintiffs. The verification to the petition is that the facts stated in the petition are true to the knowledge of the deponent save as to those matters therein stated upon information and belief. In the petition the statement as to the citizenship of the plaintiffs is not made upon information and belief, but is stated positively. On the whole therefore in the opinion of the court the petition in this case is "duly" verified. Even if it were not verified in the case of so small an irregularity as in the present case, the court would permit an amendment to be made in the affidavit of verification appended to the petition, so as to conform in all respects to the requirements.

[3] II. As to the existence of a separable controversy:

Is there involved in the cause of action set up in the complaint two different and separable causes of action? And is one of these causes of action one which is wholly between the plaintiffs and the defendant the Southern Bell Telephone & Telegraph Company? The complaint alleges: That the defendant the Southern Bell Telephone & Telegraph Company is a public service corporation maintaining a telephone line between St. George, S. C., and Columbia, S. C., passing through Branchville, S. C., and as such was subject to the performance of the duties of a public service corporation in that respect. That the plaintiff Joseph Murray at St. George paid to the defendant the Southern Bell Telephone & Telegraph Company its toll of 50 cents for three minutes' conversation over its wires to his coplaintiff Mary Elizabeth Murray, then Griffin, in Columbia, S. C. That by the agreement this 50 cents was to cover the three minutes' uninterrupted use of the wire to talk. That whilst so talking "the defendants jointly and concurrently in breach of the said contract and in willful and wanton disregard of the rights of the plaintiffs, and of their public duty and service then and there owing to the plaintiffs by the defendants maliciously, knowingly, wrongfully, and insultingly, in the hearing of the plaintiffs, and by use of said telephone wires then being used by plaintiffs, made grossly obscene, indecent, and insulting remarks to the plaintiffs, and thereby broke up the conversation between the plaintiffs," and prevented the plaintiffs from continuing the conversation by the uninterrupted use of the telephone wire, to their damage $50,000.

A telephone company in the state of South Carolina is a public service corporation; it is not strictly a common carrier, but it belongs to the same class of corporations as the public carrier class, and as such, while not subject to the same stringent rules which govern in ascertaining the liability of common carriers, yet it is bound to supply all alike who are in like circumstances with similar facilities under reasonable limitations for the transmission of news without any discriminating whatsoever in favor of nor against any one. State v. Telephone Co., 61 S. C. 83, 39 S. E. 257, 55 L. R. A. 139, 85 Am. St. Rep. 870. It would also be its duty in the performance of its service to the public to perform it with all due regard to the rights of the public and the individuals using its system for the purpose of communication. Whenever any person contracts with it for the use of its wires, it is similar in general character to the contract with a railroad company for the shipment of a piece of freight over its lines, and the failure of

a public service corporation in either case to properly perform its duties in furnishing the service would be a breach of its obligation for which it would be responsible in compensatory damages. By the procedure and pleading of South Carolina there is in actions at law a recognized and established difference, as separate and distinct causes of actions, between causes of action in tort for negligence or breach of contract, and causes of action for willful tort. Causes of action based upon breach of the duty of a public service corporation to a party entitled to avail himself of such services, arising out of negligence or failure in the performance of duty, has been decided to be inconsistent in nature and wholly distinct and separate from the cause of action arising from willful and gross negligence or willful tort. They may under the statute of the state of South Carolina with regard to pleading be commingled or "jumbled" together so as to be stated so as to include in one statement both causes of action. This, however, in the view of the Supreme Court of the state of South Carolina, does not do away with the fact that the causes of action are distinct. The statute allows two separate causes of action to be embodied in one statement, but leaves them still separate causes of action, as to one of which a nonsuit can be granted, while the case is allowed to go to the jury as to the other. Machen v. Telegraph Co., 72 S. C. 260, 51 S. E. 697; Baldwin v. Cable Co., 78 S. C. 421, 59 S. E. 67; Taylor v. Railroad Co., 81 S. C. 578, 62 S. E. 1113.

Under this view of the South Carolina Supreme Court, the present complaint appears to state two separate and distinct causes of action. One is against the Southern Bell Telephone & Telegraph Company as a public service corporation for failing to perform its duty in affording to the plaintiff the uninterrupted use of the wire for the purpose of communication for the period for which he paid. This is a distinct and independent cause of action between the plaintiffs and the defendant the Southern Bell Telephone & Telegraph Company, for its breach of contract or tortious failure to perform its duty in this respect. It constitutes a controversy which can be wholly determined as between the plaintiffs and the Southern Bell Telephone & Telegraph Company, without the presence of any other party and one in which no other party would be a proper party.

The other cause of action alleged is a willful tort or invasion of the plaintiffs' rights due to the invasion of the personal rights of the plaintiffs, when using the wires; that is, by the alleged willfully indecent and improper words and declarations of the defendants.

Inasmuch as a corporation can speak only through its agents who are natural persons, this allegation must be taken to refer to the defendant Forest McDuffie. It is a charge that McDuffie through the opportunity given him by his employment by the Southern Bell Telephone & Telegraph Company took advantage of the occasion by his language to so insult and offend the plaintiffs as to drive them from the use of the wires, and for his conduct in that regard it is claimed that both employer and employé are responsible.

This would seem, under the procedure in South Carolina, to constitute an independent cause of action for willful and punitive dam-

ages; but it would be one wholly distinct and independent of the cause of action against the defendant corporation for a breach of its contract and failure to perform its duty. Under the common-law theory of pleading, this separation would not exist; as at common law punitive or exemplary damages were not allowed as resting upon a separate and independent cause of action, but only went to intensify and aggravate the damages which would be given in a cause of action based upon compensatory damages. At common law mere willfulness or motive did not constitute a separate and independent cause of action. There must be some overt breach of the plaintiff's legal rights, and in an action of trespass on the case on such breach or cause of action punitive or exemplary damages based in some cases upon the motive with which the original tort was committed could be awarded in addition to compensatory damages, as in intensification or increase of those damages due to the aggravated character of the injury committed.

Such would appear to be the more simple and logical rule. The cause of action in each case may depend upon the same facts. Exactly the same testimony may be necessary to sustain either alleged cause of action. The rule in South Carolina splits up the causes of action arising from the same facts so as to make one separate and independent cause of action rest upon the breach of a legal duty, and another rest upon the motive or manner in the committing the breach, so as that under the law of South Carolina damages may be sued for and recovered for the motive and manner of an alleged breach of legal duty, although the breach itself did not occasion even nominal actual damages.

So that under the practice in the state courts of South Carolina in common-law cases the complaint herein presents two independent separate controversies on either of which an independent nonsuit could be ordered by the court and the cause sent to the jury on the other alone. The plaintiffs could have brought this action on either alone, or they could, if they had seen fit, have brought separate and independent actions to one of which the Southern Bell Telephone & Telegraph Company would have been properly the sole defendant. As it appears that there are two separate and distinct causes of action or controversies set up in the complaint herein in one of which there is a controversy existing wholly between the plaintiffs and the Southern Bell Telephone & Telegraph Company which can be determined wholly and entirely between them without the presence of any other party defendant, the case is one under the statute properly removable to this court, it is unnecessary to consider the question as to the fraudulent joinder, and the motion to remand is, accordingly, refused.

## On Petition for Rehearing.

This matter came up to be heard upon a petition for a rehearing upon the order of this court filed July 25, 1913, refusing a motion to remand.

The application for rehearing was upon the ground that the complaint in this case is solely for a tort jointly committed by the de-

fendants for which they are jointly liable. The complainants therefore claim that the court was in error in its previous order holding that there were two different causes of action set up in the complaint, as to one of which there was a controversy solely between the plaintiffs and the defendants the Southern Bell Telephone & Telegraph Company.

The plaintiff claims that the willful breach of the contract in effect justified an action in tort, and that where a tort occurs all tort-feasors, including therein employer and employé, are by the law of South Carolina jointly liable. The question, as it is an action at law, is to be decided mainly upon the principles adjudicated as governing similar actions at law in the state courts of South Carolina. A great deal of confusion has arisen with regard to the distinction between actions on contract and actions on tort. Originally the general definition of an action arising on contract was where the action was either to recover the amount due under the contract, or for damages for the breach of the contract. The breach of the contract has been also held to be, not an action on contract, but an action in the nature of an action on tort for damages for the unlawful breach of the contract. But the general definition of an action on contract was supposed to include both an action to recover the amount due under the terms of the contract, as well as an action to recover for the damages for the breach of the contract. An action in tort was supposed to be distinguished from that of an action on contract inasmuch as it arose entirely independent of any contract or agreement of the parties and wholly out of reciprocal and respective duties fixed by law. In many cases, however, the lines between the two classes of cases was difficult of ascertainment. Some torts appeared to arise out of a condition of affairs produced by a breach of contract, i. e., the parties occupied a certain relation towards each other by virtue of contract, and upon its breach action might be taken by one party against the other, not strictly within the line of an action for a breach of the contract, but arising from the duties imposed by law upon the parties respectively by virtue of their relations created by contract, and which action has been characterized as one in tort.

When an action is brought in such cases, therefore, it may be difficult to ascertain from involved and uncertain allegations in the complaint whether the plaintiff is suing for a breach of the contract, or whether he is suing for the tort from which he claims to have suffered by the act of the other party independent of the contract itself, but simply occurring by the situation consequent upon the contract, or whether he is suing upon both. If he was suing upon a tort wholly and independently, it may be a case in which the master and servant are jointly responsible. The master is not responsible jointly with the servant for all of the torts of the servant. He is responsible only for such torts as were committed in the line and the scope of the employment of the servant. He is never liable for willful and malicious acts of the servant committed wholly outside of the scope of his employment. In the state of South Carolina, however, the doctrine has been established that for acts of trespass to person

or property committed by the servants of common carriers, or similar employés, while in the course of the employment, even in the execution merely of the duties as employé, but in charge of the appliances and apparatus for the purposes of such employment, the master and the employé are jointly liable. The servant is not as a rule liable to third parties for breach of the master's contract, or for the performance of that contract or for his own nonfeasance in the course of his employment under his duty to his master. The difference perhaps may be better illustrated by an example. A servant under the law of South Carolina is liable together with his master for tortious acts of misfeasance or tort in the nature of trespass upon the person or property of third parties, such as the negligence of an engineer in injuring a person in the operation of a train, or the misconduct of the conductor towards a passenger during transportation. The servant is not liable to a third party for his mere nonfeasance in a matter of leading to the breach of the contract by his master; as in the case of a bricklayer employed upon the construction of a building when the master is under contract to finish it within a certain period. If the negligence or nonfeasance of the bricklayer employed by the master operates to prevent the performance of the contract within the stipulated period the servant would not be liable to the other party to the contract.

Speaking generally, the servant is not responsible for the damages resulting from the breach of the master's contract, but only for such damages as may be inflicted by some negligent or willful tort of his own. In the present case the complaint seems to set up two causes of action. It distinctly alleges that the action against the defendants was for an act done in breach of the contract. Next, that it was in willful and wanton disregard of the rights of the plaintiffs and their public duty and service then and there owing to the plaintiffs for which punitive damages are asked. The joinder of these two different causes of action seems to be allowed by the practice of the state courts of South Carolina. In the case of Cave v. Seaboard Air Line Ry. Co., 77 S. E. 1017, decided April 7, 1913, the Supreme Court of South Carolina decides expressly that for the carrier's breach of a contract in the case of a carrier's failure to perform its contract for transportation or of its duty to the public the passenger's remedy is an action for damages. That would appear to mean that the plaintiff in such cases has two causes of action against the carrier: One, for the breach of the carrier's contract made between the carrier and the plaintiff personally; the next, for the breach of the carrier's duty to the passenger as part of its duty to the public for its failure to perform that duty to the particular plaintiff. That court further holds that there can be another cause of action, to wit, the conduct of the conductor in insulting and humiliating the passenger, for which the plaintiff could recover punitive or vindictive damages from both the carrier and its employé.

The Supreme Court of South Carolina in brief, in this case, seems to hold that, in the case of a public service corporation transporting passengers, a passenger wrongfully ejected has three causes of action:

First, an action for damages for breach of the contract of transportation. Second, an action for damages for the breach of duty by failure of the carrier to perform the duties which by law such a public service corporation owed to the public, including the particular plaintiff. Third, a cause of action for punitive damages for the improper and wrongful action of the employé of the defendant the conductor in his treatment of the plaintiff at the time of the breach of the contract. These three causes of action are held by the Supreme Court of South Carolina as causes of action which can be set up and recovered upon as separate causes of action in actions at law in the state courts of South Carolina. To the two first causes of action, viz., that for breach of the contract of transportation, and that for breach of the duty of a public service corporation such as a common carrier to a person whom it engaged in transporting, are causes of action arising upon contract and wholly against the corporation. The last cause of action for punitive damages for the action of the conductor being for negligence or tort of the employé committed by him in the scope and the line of his employment is one which the plaintiff has the right to bring against the master and servant jointly. This last cause of action under the rules of pleading and practice prevailing in the state courts of South Carolina could be instituted alone, without any action being brought upon the two first-mentioned causes of action.

This rule in South Carolina as mentioned in the first order made is different from the common-law rule. Under the rule at common law there would be but one cause of action in this case, viz., failure of the defendant to perform its contract of transportation, that contract being in effect one; the particular contract to be transported between two particular points as paid for by the passenger being treated as a contract made and having written in it as a part of the particular contract the duties due by the public service corporation to the passenger under such a contract. The punitive damages at common law would not be a separate cause of action, but would be simply an intensification or aggravation of the damages arising from the tortious act of the conductor in the performance of his duty. Under the common-law rule of practice and pleading, the conductor could properly be joined in an action brought for that purpose; the cause of action being one and the cause would not be removable; but where, as under the practice and law in the state of South Carolina, the causes of action are declared to be wholly separate and independent, and which can be set up or sued upon separately, they are held to constitute separate and independent controversies. Such being the case, under the language of this complaint a controversy is therein set up in the shape of a recovery sought against the defendant for the breach of contract. It is a separate independent cause of action, and one which can be sued upon and recovered upon separately and is a controversy existing wholly between the plaintiff and the defendant the Southern Bell Telephone & Telegraph Company, and the case would be removable upon the ground of a separable controversy.

It is therefore ordered that the motion to rehear and reconsider the previous order in this case made refusing the motion to remand is hereby refused.