## LYNES v. STANDARD OIL CO. et al.

(District Court, E. D. South Carolina. July 30, 1924.)

1. **Removal of causes ⟨⟩36, 49(1)—Action on joint or joint and several liability not separable.**
   Where the liability of defendants, as set forth in the pleadings, is joint, or joint and several, the controversy is not separable, and plaintiff's purpose in joining a resident defendant is immaterial.

2. **Removal of causes ⟨⟩49(3)—Action to enforce joint and several liability for tort not separable.**
   An action for tort, which might have been brought against many, or one or more of them, and which is brought against all jointly, contains no separate controversy which will authorize its removal by a nonresident defendant.

3. **Removal of causes ⟨⟩55—Separate answers in joint suit do not create separate controversies.**
   The filing of separate answers tendering separate issues by defendants sued jointly on a joint cause of action does not divide the suit into separate controversies, so as to make it removable.

4. **Removal of causes ⟨⟩49(3)—When concurrent negligence is charged, controversy not separable.**
   When concurrent negligence is charged, the controversy is not separable.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Removal of causes** ☞36—**Fraudulent joinder cannot defeat right of removal.**

The right of removal cannot be defeated by the fraudulent joinder of a resident defendant having no real connection with the controversy.

6. **Pleading** ☞8(15)—**Removal of causes** ☞36—**Joinder of defendant may be shown to be fraudulent, but not by pleading conclusions.**

Joinder of a resident defendant, though fair on its face, may be shown by a petition for removal to be only a' sham, or a fraudulent device to prevent removal; but the showing must consist of a statement of facts, and not merely of deductions of the pleader.

7. **Removal of causes** ☞86(9), 107(4)—**Petition must be verified, and statements taken as true by state court.**

A petition for removal must be verified, and its statements must be taken as true by the state court; but issue may be taken thereon in the federal court by motion to remand, plea, or answer.

8. **Removal of causes** ☞107(7)—**On motion to remand, defendant has burden of proof on controverted issues.**

On a motion to remand, where plaintiff takes issue on statements made in the petition for removal, the removing defendant has the burden of proof on such issues.

9. **Removal of causes** ☞61—**Complaint held to state joint and several causes of action.**

A complaint containing two counts, one charging a joint libel, published pursuant to a conspiracy between defendants, and the second count charging a conspiracy to injure plaintiff by the publication of a libel, each count states a joint and several cause of action, which involves no separable controversy.

10. **Conspiracy** ☞5—**Must have been executed to create a civil liability.**

To create civil liability for conspiracy, it must have been carried into effect.

11. **Removal of causes** ☞60—**Petition cannot allege nonliability of resident defendant as ground for removal.**

While a separate answer by a resident defendant may allege facts showing that no cause of action exists against him, such defense is not available to a nonresident defendant as ground for removal.

12. **Removal of causes** ☞36—**Failure to establish liability of resident defendant does not necessarily make his joinder fraudulent.**

Though it might be determined on a hearing that there is no cause of action against a resident defendant, that fact would not necessarily show that his joinder was not in good faith.

13. **Removal of causes** ☞49(3)—**Facts held to justify joinder of resident defendant.**

Though a resident defendant did not personally write, dictate, or sign a libelous letter, or have knowledge of it, if it was written and signed under general authority given by him, that fact may justify his joinder as a defendant in an action for the libel.

At Law. Action by J. H. Lynes against the Standard Oil Company and A. D. Willis. On motion to remand to state court. Granted.

George Warren, of Hampton, S. C., for plaintiff.

Buist & Buist, of Charleston, S. C., for defendants.

ERNEST F. COCHRAN, District Judge. This case was brought in the court of common pleas for Hampton county, and removed into this court by a petition of the defendant Standard Oil Company. The complaint sets forth two causes of action. The first cause of action states substantially that the defendants published a certain libelous letter, a copy of which is set forth in the complaint (but without the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

signature thereto), and that the publication was made in pursuance of a conspiracy. The second cause of action alleges that the defendants and others unknown conspired to degrade the plaintiff in the eyes of the public, by charging him with criminal misconduct, to destroy his reputation and character, and that in furtherance of said conspiracy the said parties published a certain letter, which is set forth as in the first cause of action without the signature, and that the publication was libelous.

The petition of the defendant Standard Oil Company for removal states that there is a controversy which is wholly between the Standard Oil Company and the plaintiff, and wholly distinct from the controversy, if any, between the plaintiff and the defendant Willis, and that Willis was wrongfully and fraudulently joined for the purpose of preventing a removal, and also alleges that certain facts were known, or could with reasonable diligence have been ascertained, by the plaintiff. These facts as alleged in the petition are substantially that the plaintiff had been previously in the employment of the Standard Oil Company, and was familiar with its management and business methods, and that the business of the territory in Hampton county was under the direction of a general manager and his various assistants in the city of Baltimore, with a branch office at Charleston, and the defendant Willis was the manager of the branch office at Charleston, but in the Charleston office there are a number of persons employed, who receive orders and directions from the general manager at Baltimore, and that it is customary for all letters dispatched from the branch office at Charleston to be signed in the name of the defendant Willis, followed by an initial, the initial indicating which person in said office wrote and signed the letter, and that the signature of Willis to letters in no way indicates to persons in the employment of the company that the letters have been dictated or signed by Willis, and that the letter in question was not written or dictated by the defendant Willis; that he did not direct the writing of the said letter, and had no knowledge that the said letter had been written, until the service of the complaint herein, and that the writer of the letter in the ordinary course of business, and acting under the general instructions of the general manager at Baltimore, wrote or dictated the letter without consultation with Willis, and signed the letter, "A. D. Willis, Two for One—R," and that the form of signature on letters between the employees of the company indicated that the letter had not been written by Willis, but had been written by some other and different person, and that such person had signed the letter, and that these facts were known to the plaintiff, or could have been known to the plaintiff, by reason of his long employment by the Standard Oil Company.

The petition contains the usual allegations that there is a separable controversy, and that the joinder of the resident defendant Willis was fraudulent and wrongful. A motion was made to remand the case to the state court on the ground that there was no separable controversy. At the hearing the plaintiff filed a traverse to the substantial allegations of the petition. This traverse was practically a reiteration of the substantial allegations of the complaint. In other words the plaintiff

by his traverse denied all the substantial allegations of fact in the petition, by which it was sought to show that the joinder was fraudulent or wrongful.

At the hearing the defendant Standard Oil Company contended that the issues on the traverse of the petition should be tried before a jury, or at least by the court. The plaintiff, contended that in this particular case the trial of these issues would involve a trial of the whole case on the merits, so far as the liability of the resident defendant Willis was concerned, and that this court should not try the whole case upon the merits as to his liability. The matter has been very fully and ably argued before me. A large number of cases have been cited, and I have read them all, and some others which seemed to throw some light upon the questions involved, and have given the matter a very thorough consideration.

The questions arising upon motions to remand, where it is claimed that there is a separable controversy or a fraudulent joinder, are very difficult. However, there are certain propositions which are practically settled, and the main difficulty lies in their application. These propositions may be stated briefly as follows:

[1] 1. Where the liability of the defendants as set forth in the pleadings is joint, or joint and several, then the controversy is not separable as a matter of law, and the plaintiff's purpose in joining the resident defendant is immaterial, as his motive in the performance of a lawful act is not open to inquiry. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 135, 21 Sup. Ct. 67, 45 L. Ed. 121.

[2] 2. The defendant has no right to say that an action shall be separable which the plaintiff elects to make joint, and cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way, and it is well settled that an action for tort, which might have been brought against many persons, or against any one or more of them, and which is brought in the state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants to the federal court. The cause of action is the subject-matter of the controversy, and that is, for the purpose of the suit, whatever the plaintiff declares it to be in his pleadings. Chesapeake & Ohio, etc., v. Dixon, supra; Alabama Southern Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

[3] 3. The filing of separate answers, tendering separate issues for trial by several defendants sued jointly in the state court on a joint cause of action, does not divide the suit into separate controversies, so as to make it removable. A separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his own suit to final determination in his own way, nor does it give the defendant any right to remove the suit. Louisville & Nashville R. R. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Starin v. New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388; Sloan v. Anderson, 117 U. S. 278, 6 Sup. Ct. 730, 29 L. Ed. 899; Core v. Vinal, 117 U. S.

347, 6 Sup. Ct. 767, 29 L. Ed. 912; Mining Co. v. Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232; Chesapeake & Ohio v. Dixon, supra; Alabama Southern Ry. v. Thompson, supra; Wecker v. National Enameling Co., supra.

[4] 4. When concurrent negligence is charged, the controversy is not separable. Chesapeake & Ohio v. Dixon, supra.

[5] 5. However, the right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. Wecker v. National Enameling Co., supra; Wilson v. Republic Iron Co., 257 U. S. 92, 42 Sup. Ct. 35, 66 L. Ed. 144.

[6] 6. Where a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for a removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions. Chesapeake & Ohio v. Cockrell, 232 U. S. 146, 152, 34 Sup. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron Co., supra.

[7] 7. The petition must be verified, and its statements must be taken by the state court as true. Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 316, 30 Sup. Ct. 101, 54 L. Ed. 208; Wilson v. Republic Iron Co., supra.

8. If the removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court. Stone v. S. C., 117 U. S. 430, 432, 6 Sup. Ct. 799, 29 L. Ed. 962; Chicago, Rock Island, etc., v. Dowell, 229 U. S. 102, 113, 33 Sup. Ct. 684, 57 L. Ed. 1090; Chesapeake & Ohio, etc., v. Cockrell, supra; Wilson v. Republic Iron Co., supra.

[8] 9. At the hearing the petitioning defendant must take and carry the burden of proof, he being the actor, in the removal proceedings. Carson v. Dunham, 121 U. S. 421, 425, 426, 7 Sup. Ct. 1030, 30 L. Ed. 992; Wilson v. Republic Iron Co., supra.

10. But, if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it. Kentucky v. Powers, 201 U. S. 1, 33, 34, 35, 26 Sup. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Wilson v. Republic Iron Co., supra.

11. Where the facts of the petition are traversed, and the court finds such facts to be true, or where the facts stated in the petition are not traversed, and such facts, in either case, show that the joinder of the resident defendant was without any reasonable basis in fact, and without any purpose to prosecute the cause in good faith against him, then the joinder must be held sham and fraudulent, and the case remanded. Wilson v. Republic Iron Co., supra.

[9] With these propositions in mind, it will be necessary to examine the causes of action set forth in the complaint, to ascertain whether the complaint shows on its face that there is a separable controversy as to the Standard Oil Company, distinct from the controversy with the defendant Willis. If the complaint states in both causes of action

a joint and several tort against both defendants, then there is no separable controversy under the decisions cited.

There is a conspiracy charged in both causes of action, and it is not clear just what the difference between the two causes of action is. There is some difference in the phraseology, and the averments of the second cause of action are more elaborate. The first cause of action states a joint libel, and follows with an allegation that the publication was in pursuance of a conspiracy. The second cause of action states that there was a conspiracy, and then follows with charges of certain overt acts. I apprehend, however, that the pleader intended by the first cause of action to charge a joint libel, and then added to that cause of action an allegation of conspiracy to show concert of action. That this was the purpose is further indicated by the fact that in the first cause of action it is charged that the publication was in pursuance of a conspiracy between the defendants, while in the second cause of action it is alleged that the defendants and other persons unknown to plaintiff conspired, etc. I find the following language in R. C. L.:

"Moreover, it should be noted that, even where actions for libel are allowed against a number of persons, to admit of such an action, it must appear that there was a combination and concert between them in publishing the libel; otherwise, it is a misjoinder of parties." 17 R. C. L. 379.

The books generally state, however, that publication of a libel may be the joint act of two or more persons, and that as a rule they may be sued either jointly or severally, at the election of the injured person. 17 R. C. L. 379; 25 Cyc. 434; 13 Enc. Pl. & Pr. 30.

Whether the first cause of action be deemed simply a cause of action for a joint libel, or for a joint libel with the additional charge of concert of action, in either event the cause of action is joint and several. 17 R. C. L. 379; 25 Cyc. 434; 13 Enc. Pl. & Pr. 30.

Even if the first cause of action should be deemed to be a cause of action based upon conspiracy, nevertheless an action for conspiracy, according to the authorities I shall hereafter cite, is joint and several. The first cause of action, therefore, on its face contains no separable controversy.

The second cause of action is evidently a charge of conspiracy to injure a person by the publication of a libel followed by the overt act of publication by one or more of the coconspirators.

[10] At common law there need be no overt act to fix criminal liability for conspiracy, but to fix civil liability the rule is different. An unexecuted conspiracy does not impose any civil liability. But if two or more persons enter into a conspiracy to injure another, as, for example, by publication of a libel, and any one or more of them make a publication of the libel, and the publication results in damage, then the act of each is the act of all, and such party has a cause of action for such damages against the conspirators. 12 C. J. 581, 582, 589, 610; 5 R. C. L. 1090, 1091, 1093; 4 Enc. Pl. & Pr. 737.

The liability in such cases is joint and several (5 R. C. L. 1092, 1093, 1103; 4 Enc. Pl. & Pr. 740), and, while all may be joined, all need not be joined (5 R. C. L. 1103). It follows, therefore, that the

second cause of action is joint and several, and does not show a separable controversy on its face.

But, although the complaint may not show a separable controversy on its face, nevertheless under the decisions I have cited the nonresident defendant is entitled to set forth facts in his petition for removal which would show that the resident defendant had no real participation or connection with one or more of the controversies set forth in the complaint, and that his joinder was not made in good faith, and was without any reasonable basis of fact, and was therefore wrongful and fraudulent. The petitioner in this case has set forth the facts which have been substantially stated hereinbefore, and claims that they show that the resident, Willis, had no part whatever in the alleged libel or conspiracy, and that the plaintiff knew it, or could have ascertained the facts by reasonable diligence. The plaintiff has traversed the facts in this petition by substantially reiterating his charges of the connection of Willis with the libel and conspiracy.

The first question to be considered is whether upon the issue thus joined the court should hear and decide the facts, either by a trial before a jury or otherwise, or whether the decision of the issues thus joined necessarily involves trying the whole case, so far as the resident defendant is concerned, and for that reason the case should be remanded to the state court. The inconvenience and attendant delays involved in trying the whole issue as to one defendant are obvious. If the whole issue as to the resident defendant is tried, and the court should find that there was no fraudulent joinder, then the case goes back to the state court, and upon a trial in the state court that whole issue, along with the issue as to the nonresident defendant, will be tried again. On the other hand, if this court should decide, after a trial of the issues as to the liability of the resident defendant, that there was a fraudulent joinder, then that whole issue must be tried again before a jury in this court, along with the issue as to the nonresident. The argument against such a construction of the law is very strong.

[11] Moreover, there can be no question under the decisions cited that, while a separate answer by a resident defendant may show that no cause of action exists against him, such defense is not available to the nonresident defendant in order to remove the case. If setting up a complete defense by way of answer does not make the case removable, it is difficult to see how setting up the same defense by way of a statement of facts in the petition for removal could give any right to remove the case. The only difference between the two modes is that in one case the facts are set up by way of answer by the resident defendant himself, and in the other case the facts are set up in a petition by the nonresident. To say that the same state of facts set up in one way does not authorize the removal, and yet set up in another way does authorize a removal, would be subjecting the substance to form. In the various cases which hold that setting up a defense by way of answer is not sufficient, there is no hint or suggestion that, if they had been set up by way of petition, they would then authorize the removal, except in Alabama Southern Ry. v. Thompson, 200 U. S. 218, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, where the court indicated

that there was a difference in this respect when the question was one of fraudulent joinder.

There is also a very strong indication in several of the decisions that the court will not, where the petition is traversed, enter into a trial, if it amounts to a trial of the whole issue on the merits as to the resident defendant. See Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269; L. & N. R. R. Co. v. Wangelin, 132 U. S. 600, 10 Sup. Ct. 203, 33 L. Ed. 473; Chesapeake & Ohio v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544. On the other hand, in the case of Wecker v. National Enameling Co., supra, the whole issue was joined apparently as to the resident defendant's liability and determined upon the merits, and that case has been approved a number of times by the Supreme Court.

However, I do not deem it necessary now to decide in this case the question of the propriety of trying the whole issue as to the liability of the resident defendant. If, assuming the facts stated in the petition to be true and disregarding the traverse entirely, the facts still do not show a fraudulent joinder, then there is no necessity for a trial as to the truth of those facts. After a careful study of the facts set forth in the petition in connection with the facts stated in the complaint and the nature of the case, I have come to the conclusion that they do not necessarily show bad faith, or that the plaintiff had no reasonable ground to think that he had a cause of action against the resident defendant.

In the first place, the letter was sent out from an office that Willis was known to be in charge of as branch manager. His name appeared in the heading as branch manager. The letter was signed in his name, and while the words "Two for One—R" were underneath his signature, they do not necessarily carry the idea that he did not dictate the letter, or authorize his name to be signed. A person receiving such letter would naturally infer that Willis sent the letter out and was responsible for it. Certainly the plaintiff, against whom the alleged libelous matter was directed, would very naturally think that Willis was connected with the matter directly, and that his suit should be brought against him. I do not think the fact that the plaintiff under the circumstances of this case failed to make any inquiry, and to ascertain that Willis did not have any direct connection with the letter, sufficient to show bad faith. It cannot be said from the facts of this case that there was not at least a reasonable basis for the plaintiff to believe that Willis was responsible for the alleged libel. If he had reasonable ground for such belief, he had a right to sue Willis, and he had a right to sue him separately or jointly with the Standard Oil Company, and therefore I do not think there is sufficient to show that the joinder was fraudulent.

[12] But there is another reason why the plaintiff had reasonable grounds to believe that he had a cause of action against Willis, as well as the Standard Oil Company, even if it should be considered that Willis took no personal part in the sending out of the letter. It may be that the plaintiff has no cause of action against Willis, if Willis really did not participate in the sending of the letter; but the statute does not say that there must exist a separable cause of action. The statute says

that there must exist a separable controversy. A plaintiff may have a controversy with a resident defendant, which may or may not be a good cause of action. I think a great deal of the confusion in the decisions upon these questions has been from an inaccuracy of language, and from not adverting to the fact that the real question is whether there is a controversy, and not whether there is a cause of action. If there is no cause of action against the resident defendant, then that is very persuasive, as tending to show that the plaintiff did not make him a party in good faith, and in most cases would be conclusive, but it does not necessarily follow in all cases. We know that plaintiffs bring many cases in the best of faith, and state what they think is a cause of action, and the courts upon demurrer hold that they have no cause of action at all. Now, in this case, the plaintiff, even if it be conceded that he knew or ought to have known that Willis had no personal participation or connection with the sending out of the letter, may nevertheless have conceived that he had a cause of action against Willis, because of the general authority given by Willis as branch manger to others in the service at Charleston to sign his name.

[13] In an action for libel it is not always necessary to show that the defendant had any personal connection with the publication of the libel. It does not appear anywhere in the petition or the complaint that the person who signed Willis' name did not have general authority from Willis to sign his name to the letters that should be sent out, but the allegation is that Willis did not personally dictate or authorize this particular letter. The petition alleges that it was the custom for all letters dispatched from the branch office at Charleston to be signed in the name of Willis, and it is a fair inference from the facts stated that Willis must have given general authority for his name to be signed to such letters. Upon the question as to the liability of Willis in such circumstances, it is not necessary for me to decide whether he would be liable or not. But there are authorities tending to show that he would be liable, and it may be that the plaintiff conceived that under those cases he had a good cause of action against Willis by reason of this general authority given to sign his name, although he did not dictate or sign the particular letter in question. In Cyc. I find the following statement:

"A person will be liable for what is published by his authority; and although the publication of a libelous or defamatory statement may be without one's knowledge, if made by his authority, he will be liable for the same." 25 Cyc. 427 et seq.

See, also, Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722; Pollasky v. Minchener, 81 Mich. 280, 46 N. W. 5, 9 L. R. A. 102, 21 Am. St. Rep. 516; 17 R. C. L. 381 et seq.

The case of Pollasky v. Minchener, supra, is in many respects very much like the present case, and certainly affords a reasonable ground upon which plaintiff could base a cause of action against Willis. In that case it was held by the Supreme Court of Michigan that the liability of a general manager of a commercial agency in a certain district for a false publication in respect to a chattel mortgage alleged to have been given by a certain party should be submitted to the jury,

where the publication was made by a notification sheet sent to the patrons of the agency by the chief clerk of such manager on information sent to the manager, addressed to him in his name, without saying anything to indicate that it was intended for the commercial agency, and the chief clerk, who was authorized to open his letters and prepare such notification sheets without consulting the manager, unless there was something exceptional in the matter, sent out the report without consulting him. Pollasky v. Minchener, supra.

So, also, partners, on the ground of agency implied from the partnership, have been held liable for a libel, although one of the partners may not have participated in or known of the libel. 25 Cyc. 428, note 99; Lothrop v. Adams, 133 Mass. 471, 43 Am. Rep. 528; 17 R. C. L. 383. A similar principle prevails as to newspapers, for it has been held that the owner may be liable for a libel, although the publication may have been made in his absence, and without his knowledge; and the same rule has been applied to the managing editor. 25 Cyc. 428, 429; 17 R. C. L. 384, 385. So, also, it has been held by two eminent federal judges that one proprietor of a newspaper is liable for a libel published by his coproprietor. McDonald v. Woodruff, 16 Fed. Cas. 49, No. 8,770, 2 Dill. 244.

It is true that there are decisions which deny the liability of partners, for instance, unless a direct participation is shown, and there may be cases which deny liability in the other instances I have referred to. That, however, does not conclude the matter. I do not state these propositions as good law or bad law, nor refer to the books stating them as authorities, but simply for the purpose of showing that the plaintiff has some reasonable ground for taking the position, if he should take it, that Willis would be liable, without regard to his personal participation. Nor is it necessary for this court to decide that question. The point is that such a state of facts might be held to constitute a cause of action against Willis, even if it be conceded that he had no personal participation in sending out the alleged letter, where it was done by a person who had general authority from him to send out letters and sign his name, and therefore the facts stated in the petition are insufficient to show bad faith.

It may be said that, while the general authority given by Willis to sign his name might be held sufficient to connect him with the publication of the libel, and thus connect him with the first cause of action, such general authority, without personal participation or knowledge, would be insufficient to connect him with the conspiracy set forth in the second cause of action. It is difficult to see how Willis could be held on a charge of conspiracy merely on the general authority to sign letters. On the criminal side he certainly could not be held liable. But liability in such case civilly is debatable ground, and cannot be said to be so utterly lacking in plausibility as to show bad faith.

For these reasons, assuming the allegations of the petition to be true, nevertheless I conclude that they fail to show that the joinder was in bad faith, and therefore the case must be remanded.

In reference to the matter of costs the statute says (section 37 of the Judicial Code [Comp. St. § 1019]) that the court may make such

order as to costs as shall be just. In this case, the whole subject is one involving so many difficulties that I deem it just that each party should bear their own costs.

An order remanding the case will therefore be duly entered.