## ANDERSON v. TROTTER. ANDERSON et al. v. SAME. BAYLIS ESTATES CO. v. SAME.

District Court, N. D. California, N. D.
January 16, 1929.

Nos. 292–294.

Lovett K. Fraser, of San Francisco, Cal., and Herbert V. Keeling, of Lakeport, Cal., for plaintiffs.

William Sea, Jr., of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. ▮ This is a second motion to remand, made under authority of Gaugler v. Chicago, M. & P. S. Ry. Co. (D. C.) 197 F. 79, and Harley v. Firemen's Fund Ins. Co. (D. C.) 245 F. 475, in three companion cases. The bills of complaint, for the purposes of this motion, are practically identical, and state a cause of action to quiet title in the simplest form permitted in the courts of the state of California. The source of the title claimed by the several plaintiffs is not pleaded; nor is the nature of the defendants' claim set forth. There is no diversity of citizenship between the parties, and the existence of a federal question is relied upon to give this court jurisdiction. No such question appears upon the face of the pleadings filed by the plaintiffs. The petition for removal would make it appear that the title of plaintiffs rests upon government patents, and the title of defendant upon a patent said by defendant to have been properly issued after a resurvey, the validity of which plaintiff contests.

▮ It appears that plaintiffs might have so pleaded their case as to set up a federal question. They have not done so, nor are they required to do so. To warrant the removal of a case from a state to a federal court as one arising under the Constitution, laws, or treaties of the United States, the federal question must appear from the complainant's statement of his own claim, and in determining whether or not the suit is removable, or, having been removed should be remanded, the court is strictly limited to what appears on the face of the plaintiff's pleading. 1 Cyc. of Fed. Proc. § 198, p. 888; Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713; Washington v. Island Lime Co. (C. C.) 117 F. 777. The petition for removal cannot be looked to to supply the basis for removal except in those cases where the petition for removal sets up facts to show that the plaintiff has framed his pleading to avoid federal jurisdiction in a case where the controversy arises from the Constitution or laws of the United States, as in the case of an action against a receiver of a federal court, where, after trial of the matter in the state courts, no writ of error could be had to the Supreme Court of the United States to settle the rightfulness of the federal claim. 1 Cyc. of Fed. Proc. § 198, p. 892.

In the present cases the petitions for removal cannot be looked to, and there is no federal question presented by the complaints. The motion for remand should be granted, in each case.

I am authorized by Judge ST. SURE and Judge LOUDERBACK to say that they have read this opinion, and concur in the principals of law herein expressed.