**SANDERS v. ATLANTIC COAST LINE R. CO. et al.**

District Court, E. D. South Carolina.   July 18, 1929.

Wolfe & Berry, of Orangeburg, S. C., for plaintiff.

Henry E. Davis, of Florence, S. C., and Lide & Felder, of Orangeburg, S. C., for defendants.

GLENN, District Judge.   This action was originally commenced in the court of

common pleas for Orangeburg county, S. C.

The defendant T. C. Porter is a citizen of and resides in the state of South Carolina.

The defendant Atlantic Coast Line Railroad Company is a corporation nonresident as to the state of South Carolina.

The defendant Atlantic Coast Line Railroad Company, by petition alleging that the complaint contained separate and separable controversies and that the joinder of the resident or local defendant was sham and fraudulent, procured the removal of this case from the state court to this court. Thereupon the plaintiff submits a motion to remand the cause to the state court.

There is no formal traverse of the petition; the plaintiff contending that his complaint states but one cause of action or controversy, and that such single cause of action or controversy is both joint and concurrent as respects both defendants, hence that the case is not removable and should now be remanded to the state court.

The portions of the complaint germane to the issue now being considered by the court are as follows:

"That at or near Cordova, South Carolina, on or about the 23rd day of January, 1928, while engaged in performing his duties as (such) Section Foreman or. Master for the defendant, Atlantic Coast Line Railroad Company, and while the plaintiff was having a business transaction with him, appertaining to the business and affairs of the said Atlantic Coast Line Railroad Company, and growing out of such business transaction, the defendant, T. C. Porter, wilfully, wantonly, and maliciously struck and beat the plaintiff upon his head and other parts of his body with a shovel or some blunt instrument, without just cause or provocation, inflicting grievous, painful and dangerous wounds in and upon the body of the plaintiff, causing him great pain, anguish and suffering, occasioning great loss of time from his work, necessitating medical and surgical care and attention, and permanently injuring him, all to his damage twenty thousand dollars."

"That the following is a brief statement of the transaction and circumstances surrounding such wilful, wanton and malicious assault and battery, to wit:—The defendant T. C. Porter is the Section Foreman or Section Master of the defendant, Atlantic Coast Line Railroad Company, having charge of the tracks and rights of way at or near Cordova, South Carolina; that it is a part of the duties of the said T. C. Porter to work up such tracks, removing the rotten or defective cross ties therefrom and replacing same with new ones; that when such rotten

or defective cross ties are removed from under the rails then it becomes the duty of the Section Foreman or Section Master to have same removed from off of the right of way of the railroad; that at the time and place aforesaid the defendant, T. C. Porter, as such official or employé of the defendant, Atlantic Coast Line Railroad Company, was engaged in discharging his duties pursuant to his employment as aforesaid; that the defendant, T. C. Porter, for the defendant, Atlantic Coast Line Railroad Company, had removed a number of rotten or defective cross ties from under the rails and requested the plaintiff to haul or remove same from off of the right of way of the railroad, offering to compensate him therefor by giving same to the plaintiff to be used as firewood or other purposes; that plaintiff accepted such offer and for such compensation undertook to remove such rotten or defective cross ties from the said right of way; that the plaintiff was dragging such cross ties down and alongside the tracks for a short distance so that same could be there handled and loaded upon his wagon; whereupon the defendant, T. C. Porter, told him such ties must be hauled up over the embankment right from the point where same lay; that the plaintiff then told the defendant, T. C. Porter, that this would not be practicable nor profitable and that he would go away and not take the ties; that the defendant, T. C. Porter, then and at said time and place, falling into a great rage, began to curse the plaintiff, and struck him with great force with a shovel or some other blunt instrument, wounding and injuring him as aforesaid; and that when he assaulted and beat the plaintiff the defendant, T. C. Porter, was engaged in his said work and was working and acting within the scope of his employment for the defendant, Atlantic Coast Line Railroad Company, who is with him liable for the result and consequences of such wrongful, unlawful, and malicious assault and battery."

"That the wrongs and injuries done to or inflicted upon the plaintiff, and in consequence of which he suffered and sustained the damages aforesaid, were due to the wilful, wanton, malicious and wrongful, as well as joint and concurrent, acts of the defendants as a proximate cause thereof."

The question to be determined is whether or not the complaint states separate or separable controversies and whether or not the joinder of the local or resident defendant is sham and fraudulent. Anderson v. Trotter (D. C.) 32 F.(2d) 389; 1 Cyc. of Fed. Proc. §§ 198, 199, p. 888; Great Northern Railway Co. v. Alexander, 246 U. S. 276, 36 S. Ct. 237, 62 L. Ed. 713.

"The petition for removal cannot be

looked to to supply the basis of removal, except in those cases where the petition for removal sets up facts to show that the plaintiff has framed his pleading to avoid federal jurisdiction in a case where the controversy arises from the Constitution or laws of the United States, as in the case of an action against a receiver of a federal court, where, after trial of the matter in the State courts, no writ of error could be had to the Supreme Court of the United States to settle the rightfulness of the federal claim." Anderson v. Trotter, supra.

Or " * * * unless it [the petition] alleges facts showing that plaintiff framed [his] pleading to avoid federal jurisdiction." Anderson v. Trotter, supra.

Likewise, in considering this motion, this court has given full credit to the affidavit filed by the defendant railroad company for the purpose of resisting this motion; for it is clearly held that, on a hearing of this kind, affidavits filed by a defendant seeking removal are to be considered and taken as true unless denied by plaintiff seeking a remand.

"While it is true that difficult questions often arise upon motions to remand where it is claimed that there is a separable controversy or a fraudulent joinder as a basis for removal, yet" as declared in the case of Lynes v. Standard Oil Co. (D. C.) 300 F. 812, 815, "there are certain well settled principles of law applicable in such cases which together with supporting authorities may be stated briefly and as follows." Here follows an enumeration of an even dozen guiding principles which we are quoting from the Lynes Case with discussion of their peculiar application to the facts of the case at bar.

"1. Where the liability of the defendants as set forth in the pleadings is joint, or joint and several, then the controversy is not separable as a matter of law, and the plaintiff's purpose in joining the resident defendant is immaterial, as his motive in the performance of a lawful act is not open to inquiry. Chesapeake & Ohio Railway Co. v. Dixon, 179 U. S. 135, 21 S. Ct. 67, 45 L. Ed. 121.

"2. The defendant has no right to say that an action shall be separable which the plaintiff elects to make joint, and cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way, and it is well settled that [in] an action for tort, which might have been brought against many persons, or against any one or more of them, and which is brought in the State Court against all jointly, contains no separate controversy which will authorize

its removal by some of the defendants to the federal court. The cause of action is the subject matter of the controversy, and that is, for the purpose of the suit, whatever the plaintiff declares it to be in his pleadings. Chesapeake, etc., Railway Co. v. Dixon, supra; Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

"3. The filing of separate answers, tendering separate issues for trial by several defendants sued jointly in the State Court on a joint cause of action, does not divide the suit into separate controversies, so as to make it removable. A separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his own suit to final determination in his own way, nor does it give the defendant any right to remove the suit. Louisville & Nashville Railroad Co. v. Ide, 114 U. S. 52, 5 S. Ct. 735, 29 L. Ed. 63; Pirie v. Tvedt, 115 U. S. 41, 5 S. Ct. 1034, 1161, 29 L. Ed. 331; Starin v. New York, 115 U. S. 248, 6 S. Ct. 28, 29 L. Ed. 388; Sloane v. Anderson, 117 U. S. 278, 6 S. Ct. 730, 29 L. Ed. 899; Core v. Vinal, 117 U. S. 347, 6 S. Ct. 767, 29 L. Ed. 912; Mining Co. v. Canal Co., 118 U. S. 264, 6 S. Ct. 1034, 30 L. Ed. 232; Chesapeake, etc., Railway v. Dixon, supra; Alabama Southern Railway v. Thompson, supra; Wecker v. National Enameling Co., supra.

"4. When concurrent negligence is charged, the controversy is not separable. Chesapeake, etc., Co. v. Dixon, supra.

"5. However, the right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. Wecker v. National Enameling Co., supra; Wilson v. Republic Iron Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

"6. Where a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for a removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deduction. Chesapeake & Ohio R. Co. v. Cockrell, 232 U. S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron Co., supra."

As is said in Chesapeake & Ohio Railway Co. v. Cockrell, 232 U. S. 152, 34 S. Ct. 280, 58 L. Ed. 547: "So, when in such a case a resident defendant is joined with the non-

resident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice." Also: "Putting out of view, as must be done, the epithets and mere legal conclusions in the petition for removal, it may have disclosed an absence of good faith on the part of the plaintiff in bringing the action at all, but it did not show a fraudulent joinder of the engineer and fireman. With the allegation that they were operating the train which did the injury standing unchallenged, the showing amounted to nothing more than a traverse of the charges of negligence, with an added statement that they were falsely or recklessly made and could not be proved as to the engineer or fireman. As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them. As they admittedly were in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company."

■■ But here the defendant certainly cannot contend that the resident defendant, Porter, had no real connection with the controversy. Manifestly, from a reading of the allegations of the complaint, his actions, if unlawful, constitute the sole ground of liability of either defendant. The affidavit of the defendant railroad company's chief engineer goes to the merits of the case on trial and not to the question of whether or not the joinder of the resident defendant was fraudulent. The natural conclusion from the affidavit would be that the defendant Porter was not acting within the scope of his employment, and that therefore the defendant corporation was not liable for his acts. Whatever this court may think of the

merits of the case, it must, for the purpose of considering this motion, take the complaint as it finds it and take the petition for removal supported by the affidavits and consider them only in so far as they bear on the question of removability. In other words, we may think from the affidavits submitted by the defendant that there was an absence of good faith on the part of the plaintiff in bringing the action at all, but this does not necessarily constitute a fraudulent joinder of the section foreman as a party defendant. Construing the verified petition, apart from the legal conclusions stated therein, and the affidavit in support of the petition in a light most favorable to the defendant railroad company, they constitute nothing more than a denial that the defendant Porter was acting in the scope of his employment. This cannot constitute an affirmative showing that the plaintiff was acting in bad faith in making the defendant Porter a party to the action.

■ "7. The petition must be verified, and its statements must be taken by the State court as true. Illinois Central Railroad Co. v. Sheegog, 215 U. S. 308, 316, 30 S. Ct. 101, 54 L. Ed. 208; Wilson v. Republic Iron Co., supra.

■ "8. If the removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the district court. Stone v. S. C., 117 U. S. 430, 432, 6 S. Ct. 799, 29 L. Ed. 962; Chicago, Rock Island, etc., v. Dowell, 229 U. S. 102, 113, 33 S. Ct. 684, 57 L. Ed. 1090; Chesapeake, etc., Co. v. Cockrell, supra. * * *

■ "9. At the hearing the petitioning defendant must take and carry the burden of proof, he being the actor, in the removal proceedings. Carson v. Dunham, 121 U. S. 421, 425, 426, 7 S. Ct. 1030, 30 L. Ed. 992; Wilson v. Republic Iron Co., supra.

■ "10. But, if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the 'petitioner' need not produce any proof to sustain it. Kentucky v. Powers, 201 U. S. 1, 33, 34, 35, 26 S. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Wilson v. Republic Iron Co., supra."

In this connection we point out that in considering this motion we have given full credit to the affidavit of Mr. J. E. Willoughby, for the plaintiff has not contradicted this affidavit in any way.

■ "11. Where the facts of the petition are traversed, and the Court finds such

facts to be true, or where the facts stated in the petition are not traversed, and such facts, in either case, show that the joinder of the resident defendant was without any reasonable basis in fact, and without any purpose to prosecute the cause in good faith against him, then the joinder must be held sham and fraudulent, and the case removed."

But here it manifestly appears that the resident defendant had a very real and lively connection with the controversy. Of all the cases dealing with the removal of causes which have been brought to the attention of this court, Hay v. May Department Stores Co. et al., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965, appears to be the case most closely assimilated to the case at bar from the standpoint of facts. There the case was removed and on the direct appeal allowed by reason of the jurisdictional question presented (section 238, Judicial Code; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 134), the Supreme Court reversed the District Court and ordered the case to be remanded to the state court. Another recent case is Nelson v. Arcade Investment Co. et al., 30 F.(2d) 695, and in this case it was held that no separable controversy was present to justify a removal. A comparison of the Nelson Case with the case at bar will show that the facts there would come much nearer justifying a conclusion of separable controversy than the facts in this case. Wilson v. Republic Iron Works, supra; Lynes v. Standard Oil Co., supra.

▪ "12. If the complaint states * * * a joint and several tort against both defendants, then there is no separable controversy." Lynes v. Standard Oil Co. (D. C.) 300 F. 815.

▪ On the other hand, it is equally well settled that, if the complaint states more than one controversy, one being against the nonresident defendant alone, then removal is proper. Branchville Motor Co. v. American Surety Co. (D. C.) 27 F.(2d) 631; Murray v. Southern Bell Telephone & Telegraph Co. (D. C.) 210 F. 925–930.

The defendant Atlantic Coast Line Railroad Company through its counsel has filed a very able brief discussing many of the cases which deal with the question of separable controversy as revealed by an analysis of the complaint. The most of these cases are cases applying the principles laid down by Mr. Justice Harlan in Barney v. Latham, 103 U. S. 205, 26 L. Ed. 515. This court feels that it understands the distinction between "cause of action" and "controversy"; in short, it clearly recognizes that a single cause of action may when analyzed be found to contain several controversies, and that plaintiff's ingenuity in stating the several controversies in a single cause of action must not be allowed to defeat a defendant's right of removal. The plaintiff's complaint alleges a joint cause of action in tort against the master, Atlantic Coast Line Railroad Company and the servant Porter, a section foreman. It is well recognized that by the law of South Carolina such an action can be brought against both master and servant. This court clearly recognizes the force of the quotation from Branchville Motor Co. v. American Surety Co., 27 F.(2d) 631, 632, as follows:

"Grimes had no part in making the contract sued on, and could not in any way be held liable on that contract. The surety company had no part whatever in the alleged wrongful acts of Grimes, and can only be held for those wrongful acts, if at all, by virtue of its contract guaranteeing the conduct of Carpenter. There was in no aspect of the case any joint action on the part of the two defendants now before the court, nor can their liability possibly be said to be joint. The distinction between contracts and torts is a fundamental, vital distinction in our jurisprudence, and also in that of England, from which it is derived. It is probably so fundamental in its nature as to be a necessary distinction in any logical system of jurisprudence. Unless all distinctions between contracts and torts are utterly obliterated, an action against one party on a contract and against another on a tort can never be deemed a joint action, nor can their liability be deemed joint."

But it is in the application of these principles to the facts as alleged in the complaint in the case at bar in which we cannot agree with the railway company's contention.

▪ It is pointed out by counsel for the defendant railway company, that the complaint in this motion has some suggestion of a contract between the plaintiff and the defendant railway company. In this connection they urge that the affidavit of Chief Engineer J. E. Willoughby is a complete and uncontroverted denial of the authority of the defendant Porter to make this contract. They suggest, therefore, that a separable controversy is presented by these allegations, to wit, the existence or nonexistence of a contract between the plaintiff and the railroad company. A careful

reading of the complaint shows that the plaintiff is not alleging any breach of contract, nor seeking recovery therefor. His allegations about an agreement to purchase certain cross-ties are manifestly inserted in the complaint for the purpose of showing that at the time he received the alleged injuries he was lawfully on the right of way of the defendant railway company, and that he was not acting in bad faith in attempting to remove the cross-ties which were the property of the defendant company. In other words, these allegations when taken in connection with the other allegations of the complaint, merely constitute allegations that his presence at the time and place was lawful and that he was without fault in bringing on the alleged difficulty. These allegations are therefore appropriate to an action for unlawful assault, and they do not state a cause of action for breach of contract, nor do they outline a separate controversy which could be the basis of a separate cause of action for breach of contract.

The complaint in this action states only one complete cause of action, and that is a joint one, being against both defendants. Nor do we, on analysis of the complaint, find therein any separable controversy. Hence the application of the foregoing rules of law and procedure requires a remand of the case to the state court. Pabst v. Roxana Petroleum Co. (D. C.) 30 F.(2d) 955; Hay v. May Department Stores, 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965.

Accordingly, it is now ordered and adjudged, that this case be and hereby is remanded to the court of common pleas for Orangeburg county, S. C.; each party paying his own costs.