HAY v. MAY DEPARTMENT STORES COMPANY
ET AL.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI.

No. 292.    Submitted April 29, 1926.—Decided May 24, 1926.

1. A motion to remand upon the ground that the suit is not removable from the state court raises a question of the jurisdiction of the District Court, reviewable under Jud. Code, § 238, where the motion was denied and the suit dismissed upon plaintiff's failure to comply with a rule for security for costs. P. 321.
2. An action brought in a state court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal. P. 321.

Reversed.

ERROR to a judgment of the District Court dismissing a suit for personal injuries, for failure of the plaintiff to give security for costs, after his motion to remand it to the state court where it originated had been overruled.

Messrs. James J. O'Donohoe, Mark D. Eagleton, and Harry S. Rooks for plaintiff in error.

Messrs. Robert A. Holland, Jr., and Jacob M. Lashly for defendant in error, The May Department Stores Company.

Where a suit for personal injuries is filed in a state court against two defendants, and each is charged with committing separate and distinct acts of negligence, some of which affect only the non-resident defendant and others of which affect only the resident defendant, no joint cause of action is stated against the two, and a separable con-

troversy is presented which entitles the non-resident defendant to removal. *Cayce* v. *Southern Ry. Co.,* 195 Fed. 786; *Nichols* v. *C. & O. Ry. Co.,* 195 Fed. 913; *Shaver* v. *Pacific Coast Milk Co.,* 185 Fed. 316; *Bainbridge Gro. Co.* v. *A. C. L. R. R. Co.,* 182 Fed. 276; *Adderson* v. *Southern Ry. Co.,* 177 Fed. 571; *Evansberg* v. *Insurance Stove Co.,* 168 Fed. 1001; *Fergason* v. *C. M. & St. P. Ry. Co.,* 63 Fed. 177; *Grimm* v. *Globe Printing Co.,* 232 S. W. 676.

It appears from the averments of the petition that the sole proximate cause of the alleged injuries was an alleged act of negligence on the part of one of said defendants. That being so, no joint cause of action is stated against the two defendants and, therefore, a separable controversy is presented which entitles the non-resident defendant to the removal of the case. *Smith* v. *Johnson,* 219 Mass. 142; *Graeff* v. *Phil. R. R. Co.,* 161 Pa. 230; *Cole* v. *German Society,* 124 Fed. 113; *Parkington* v. *Abraham,* 183 N. Y. 553; *Teis* v. *Smuggler Mining Co.,* 158 Fed. 260.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case presents a question as to the jurisdiction of the District Court arising under the provision of § 28 of the Judicial Code that: When there is pending in a state court any civil suit of which the district courts of the United States are given original jurisdiction, in which " there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

The suit was brought by Hay, a citizen of Missouri, in the Circuit Court of St. Louis, against the Stores Company, a New York corporation, and McCormick, a citizen of Missouri, to recover damages for personal injuries.

The petition alleged that the plaintiff and McCormick were employed by the Stores Company in its place of business in Missouri, in moving loaded trucks along a tunnel or passageway on its premises; that the company negligently permitted this passageway to become strewr with débris, and negligently required its employees to push heavily loaded trucks along the passageway, unassisted, rapidly, and at short and unsafe intervals; that McCormick, who was not a reasonably safe co-employee, habitually pushed his truck at an unsafe speed, in dangerous proximity to the preceding truck, and without exercising reasonable care to avoid a collision; that, although the company knew or by the exercise of ordinary care could have known of these dangerous and negligent habits, it negligently caused and permitted him to continue to perform his duties in this negligent and unsafe manner; that on the day of the accident, while the plaintiff was engaged in pushing a loaded truck along the passageway, it was suddenly stopped by débris obstructing the passageway, and he was struck by a loaded truck which McCormick was negligently pushing, close behind him, at a rapid rate of speed, and which " the defendants " negligently failed to stop or divert so as to avoid the collision; and " that the negligence of both defendants as aforesaid concurred and jointly coöperated to cause, and did directly and proximately cause, the aforesaid collision," from which the plaintiff sustained serious and permanent injuries, to his damage in the sum of $15,000.

The Stores Company in due time presented to the Circuit Court its petition for the removal of the cause to the District Court. The sole ground alleged for the removal was that the plaintiff's petition showed " upon its face " that there was " a separable controversy " in the cause between the plaintiff and the Stores Company, citizens of different States, in that, under its allegations,

whatever the previous negligence of the Stores Company, the negligent failure of McCormick to stop or divert his truck so as to avoid the collision, was " the sole proximate cause " of the collision and of the plaintiff's injuries, and that " hence " no joint cause of action was stated against the defendants. The Circuit Court on this petition ordered the removal.

After the record had been filed in the District Court the plaintiff filed a motion to remand the cause to the Circuit Court, on the ground that it appeared upon the face of the record that the petition for removal was insufficient and the District Court had not acquired jurisdiction of the cause. This motion was overruled; to which the plaintiff excepted. Thereafter, on motion of the Stores Company, the court ordered the plaintiff to furnish security for costs within a specified time; and upon his failure to comply with this rule, the suit was dismissed, at his costs.

To obtain a review of the ruling on the jurisdictional question presented by the motion to remand, the plaintiff applied for a direct writ of error from this court. This was allowed by the District Judge in February, 1925, under § 238 of the Judicial Code; and in that connection he duly certified for decision the single question whether, upon the record, the District Court acquired jurisdiction of the cause by the removal based upon a separable controversy. This question is now properly before us for review. *Wilson* v. *Republic Iron Co.,* 257 U. S. 92, 96.

It is well settled by the decisions of this court, that an action brought in a state court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one

9542°—26——21

of the defendants was fraudulently joined for the purpose of preventing the removal. *Louisville & Nashville Railroad* v. *Wangelin,* 132 U. S. 599, 601; *Powers* v. *Chesapeake & Ohio Railway,* 169 U. S. 92, 97; *Alabama Southern Railway* v. *Thompson,* 200 U. S. 206, 214; *Chicago, R. I. & Pac. Railway* v. *Dowell,* 229 U. S. 102, 111; *McAllister* v. *Chesapeake & Ohio Railway,* 243 U. S. 302, 310; *Chicago & Alton Railroad* v. *McWhirt,* 243 U. S. 422, 425.

This rule was applied in the *Dowell Case, supra,* 112, where a railroad laborer, who had been run down by an engine, brought suit against the railroad company and the engineer jointly, alleging in his petition that the defective character of the engine, the unfitness and incompetency of the engineer, and his negligence and carelessness in needlessly running the engine over the plaintiff, " concurrently and jointly contributed " to the injuries. So, in the present case, the plaintiffs' petition alleged in substance that the negligence of the Stores Company in permitting the passageway to become obstructed, in requiring the employees to operate their trucks in an unsafe manner, and, specifically, in permitting McCormick, an unsafe co-employee, to handle his truck in a negligent and dangerous manner, directly concurred and jointly coöperated with McCormick's negligence in causing the plaintiff's injuries. It is clear that this petition stated on its face a case of joint liability arising from concurrent acts of negligence on the part of the defendants, coöperating to cause the injuries; and that it presented no separable controversy with the Stores Company within the established rule applicable in such cases.

The petition of the Stores Company, therefore, showed no ground for the removal to the District Court, and no jurisdiction was acquired under it.

The judgment is reversed, and the cause remanded to the District Court with direction to remand it to the Circuit Court of St. Louis.

*Reversed and remanded.*