**SLATE et al. v. HUTCHERSON (two cases).**

(Circuit Court of Appeals, Fourth Circuit. October 19, 1926.)

Nos. 2520, 2521.

1. Removal of causes ⚖=58.

Effect of removal of separable controversy under Judicial Code, § 28 (Comp. St. § 1010), is to transfer entire cause.

2. Removal of causes ⚖=49(3).

Case of joint liability arising out of concurrent negligence of defendants does not present separable controversy, affecting right to removal.

3. Removal of causes ⚖=49(3)—Suit held one for injury resulting from joint negligence of defendants, affecting right of removal to federal court for diversity of citizenship of one defendant.

Declaration that injury resulted from automobile accident caused by joint carelessness and negligence of defendants held to state case of joint liability arising from concurrent acts of negligence, affecting right of removal for diversity of citizenship of one of defendants.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Separate suits by R. L. Hutcherson, administrator of the estate of Dorcas Akers Hutcherson, deceased, and by Willie Hutcherson, an infant, suing by R. L. Hutcherson, her next friend, against G. L. Slate and the Appalachian Power Company, originally brought in state court and removed therefrom. Judgments for plaintiffs, after denial of motions to remand, and defendants separately bring error. Reversed and remanded, with directions.

A. G. Fox, of Bluefield, W. Va., and Graham Sale, of Welch, W. Va. (J. Randolph Tucker, Joseph M. Sanders, Jr., and Joseph M. Sanders, all of Welch, W. Va., on the brief), for plaintiffs in error.

Joseph M. Crockett, of Welch, W. Va. (Bernard J. Pettigrew, of Charleston, W. Va., on the brief), for defendants in error.

Before WADDILL and PARKER, Circuit Judges, and SOPER, District Judge.

SOPER, District Judge. Two cases, growing out of the same automobile accident, were by consent tried at the same time, upon the same evidence, in the court below. Dorcas Akers Hutcherson was killed in the accident, and the administrator of her estate was plaintiff in one action, while Willie Hutcherson, an infant, who was injured at the same time, was plaintiff by next friend, in the other. The plaintiff in each case was a citizen of West Virginia. The defendants in the two cases were the same, namely, G. L. Slate, a citizen of West Virginia, who was the owner of an automobile touring car, in which both of the injured persons were passengers, and Appalachian Power Company, a corporation of Virginia, the owner of a motor truck. It was alleged that the accident was caused by

the careless operation of the two motor vehicles. The jury found for the plaintiff in each case against both defendants, and the cases have been brought together to this court on writs of error in one record. A number of assignments of error are alleged in each case, but, in the view we take, the determination of one assignment of error filed by Slate in each case will dispose of both, and, for convenience, the matter will be discussed as if only one case were before the court.

· The suit was originally brought in the circuit court of McDowell county, W. Va., and was subsequently removed to the District Court of the United States for the Southern District of West Virginia. The petition for removal was filed by the Power Company, and was based on the ground of diverse citizenship. It stated that, although the plaintiff and Slate were both citizens of West Virginia, the Power Company was a citizen of Virginia, and that the plaintiff's cause of action against it, as alleged in the declaration, was separate and distinct from the cause of action against Slate. After the case was removed, and the transcript of record had been filed in the federal court, both the plaintiff and Slate moved the court to remand the case to the state court, and, before the trial of the case, Slate renewed his motion to remand; but all of the motions were overruled. The ruling of the court on these motions is the subject of the assignment of error to be discussed.

Section 28 of the Judicial Code (Comp. St. § 1010) provides that, when there is pending in a state court a civil suit of which the District Courts of the United States are given original jurisdiction, and in which "there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

[1] It is settled beyond dispute that, when a separable controversy exists and is removed to the federal court under this statute, the effect of the removal is to transfer the entire cause. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Connell v. Smiley, 156 U. S. 336, 15 S. Ct. 353, 39 L. Ed. 443. So that, if the case against the Power Company was properly removed, the case against Slate was carried with it. Since the plaintiff in the suit and Slate are citizens of the same state, the case was not removable for diversity of citizenship, unless a separable controversy as to the Power Company exists.

The Power Company claims (and the plaintiff now joins with it, although originally opposing removal), that its controversy is separable, because the plaintiff had the right to sue separately either defendant, and neither defendant was an indispensable party to the suit. The declaration, it is said, charged each defendant with the negligent operation of his own car, and showed that neither defendant had any control over the vehicle of the other, and that the alleged negligent acts of the defendants were separate and distinct, concurrent only in point of time.

[2] The rule of law applicable to this situation has recently been reaffirmed by the Supreme Court of the United States in the case of Hay v. May Department Stores Co., 46 S. Ct. 498, 70 L. Ed. 965. It is there said:

"It is well settled by the decisions of this court, that an action brought in a state court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal."

See, also, Beckwith v. Chicago Railway Co. (D. C.) 223 F. 858; Trivette v. C. & O. R. R., 212 F. 641, 129 C. C. A. 177, and Morgan v. Hines (D. C.) 260 F. 585.

It is therefore only necessary to decide (since there is no suggestion that the defendants were fraudulently joined in the case at bar for the purpose of preventing removal) whether the allegations of the declaration state a case of joint liability arising out of the concurrent negligence of the defendants. [3] The declaration charged that the plaintiff's injuries were the result of an automobile accident, which was caused by the joint carelessness and negligence of the defendants; that the plaintiff was driving, as an invited guest, in an automobile touring car, owned by Slate, and driven by his son, on a public highway of McDowell county on December 16, 1924; that the car was met by a motor truck owned and operated by the Power Company, which was coming from the opposite direction on the same highway. After specifying the respective duties of the two defendants under these circumstances, the declaration stated that both defendants totally ignored and failed to perform their duties in that each of them failed to keep a proper lookout ahead for vehicles upon the highway,

whereby Slate approached the motor truck, driving down hill over a wet and slippery road, at an excessive speed, without keeping a proper lookout, and the Power Company likewise negligently failed to keep a watch out for vehicles using the road, and, upon meeting the automobile, negligently failed to turn to the right of the center of the road, and occupied the highway to the left of the center, and thereby forced the automobile to turn out of the traveled portion of the road in order to avoid a collision; that the operator of each vehicle could have seen the other approaching for a distance of 300 feet; that at the meeting point on the road there was a steep embankment on Slate's side, and in order to avoid going over it Slate turned the automobile directly back into the roadway, as soon as he passed the truck, and in doing so lost control of the automobile, because of the excessive speed at which it was being run, whereby it collided with a culvert at the side of the road and fell into a ravine below, and the plaintiff was injured.

It is quite obvious that in this case, as in Hay v. May Department Stores Co., supra, the declaration "stated on its face a case of joint liability arising from concurrent acts of negligence on the part of the defendants, cooperating to cause the injuries, and that it presented no separable controversy, * * * within the established rule applicable in such cases."

The judgment is reversed, and the cause remanded to the District Court, with direction to remand it to the circuit court of McDowell county.

Reversed and remanded.