**BRANCHVILLE MOTOR CO. v. AMERICAN SURETY CO. OF NEW YORK et al.**

District Court, E. D. South Carolina. July 31, 1928.

**1. Removal of causes ⏝49(1)—Where pleadings set forth joint liability of defendants, one of whom is resident, no separable controversy is presented.**

Where liability of defendants as set forth in pleadings is joint, or joint and several, there is no separable controversy, such as will authorize removal by some of defendants to federal court, where resident defendant is joined, provided joinder of resident defendant is not fraudulent.

**2. Removal of causes ⏝49(2)—Complaint against nonresident surety on fidelity bond, in which principal's resident employee, claimed to have assisted in defalcations, was joined, presented separable removable controversy as to surety.**

Complaint by corporation against foreign surety company on treasurer's fidelity bond, covering larceny or embezzlement, in which resident defendant, employed by principal, was joined for alleged wrongful acts in assisting principal to convert plaintiff's funds, did not show joint liability of defendants, but presented separable controversy, entitling surety to removal to federal court.

**3. Removal of causes ⏝49(1)—Action against one party on contract and another on tort is not joint, and does not involve joint liability.**

Action against one party on a contract and against another on a tort could not be deemed a joint action, and liability of defendants cannot be deemed joint.

At Law. Action by the Branchville Motor Company against the American Surety Company of New York and another, removed from the state court. On plaintiff's motion to remand. Motion denied.

Kearse & Kearse, of Bamberg, S. C., for plaintiff.

Hyde, Mann & Figg, of Charleston, S. C., for defendants.

ERNEST F. COCHRAN, District Judge. The plaintiff brought this case in the state court. The American Surety Company removed the same to this court, and the plaintiff has now made a motion to remand. The surety company maintains that there is a separable controversy between it and the plaintiff, with which the defendant Grimes has no connection, and to which he is not a necessary or even a proper party. The plaintiff contends that the complaint sets forth a joint cause of action against the two defendants.

The plaintiff is a corporation under the laws of South Carolina, and the surety company is a corporation under the laws of New York. The defendant Grimes is a citizen of South Carolina. The complaint sets forth in substance that one Carpenter was the treasurer and manager of the plaintiff, having control of its cash, etc., and that the said Carpenter is now without the jurisdiction of this court and is a citizen and resident of the state of North Carolina. The complaint further alleges that the surety company executed a bond to reimburse the plaintiff for all pecuniary loss sustained by the plaintiff of money, etc. (including that for which Carpenter was responsible), for any act or acts of larceny or embezzlement on the part of Carpenter, directly or with the connivance of others, while in the employ of plaintiff, and that the plaintiff sustained pecuniary loss of money in the possession of Carpenter, and for which he was responsible, by act of larceny or embezzlement on the part of Carpenter, directly or in connivance with others, while in the performance of the duties of his office. The complaint then further alleges that the defendant Grimes was employed by Carpenter as an employee of the plaintiff, and that Grimes handled and had control of the moneys, etc., and is jointly responsible for the plaintiff's loss. Carpenter is not made a party to the action for the reason that he is beyond the jurisdiction of the court.

[1] The plaintiff contends that, where the liability of the defendants as set forth in the pleadings is joint, or joint and several, then the controversy is not separable, as a matter of law, and that the plaintiff's purpose in joining the resident defendant is immaterial; that the nonresident defendant has no right to say that an action shall be separable which the plaintiff elects to make joint, and cannot deprive the plaintiff of the right to prosecute his own suit to final determination in his own way; that an action which might have been brought against many persons or against one or more of them, and which is brought in the state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants to the federal court, the cause of action being the subject-matter of the controversy, and that it is, for the purpose of suit, whatever the plaintiff declares it to be in his pleadings; that the filing of separate answers, tendering separate issues for trial by several defendants, sued jointly in the state court on a joint cause of action, does not divide the suit into separate controversies, so as to make it removable; and that a separate defense may defeat a joint recovery, but cannot deprive the plaintiff of his right

to prosecute his own suit to final determination in his own way, nor does it give the defendant any right to remove the suit.

The principles contended for by the plaintiff are well established, subject, however, to the modification that, where a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal. This court, in the case of Lynes v. Standard Oil Co., 300 F. 812, reviewed the leading cases upon this subject, and set forth the general propositions applicable in cases of removal, and it is not necessary to restate them here. See, also, Wilson v. Republic Iron Works, 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144, and Hay v. May Department Stores, 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965.

[2, 3] There is no difficulty about the general propositions relied upon by the plaintiff, and fully set forth in Lynes v. Standard Oil Co., supra. The difficulty of the plaintiff in this case is that its complaint does not set forth facts showing a joint liability. The action against the surety company is an action on a contract—on the bond executed by the company. If the plaintiff had brought its suit against the surety company and Carpenter on the bond executed by them, there would have been a joint cause of action stated, and, if Carpenter had been a resident of South Carolina, the suit would not have been removable. But Carpenter is a resident of North Carolina, and has not been made a party to the suit. The action, so far as it states a cause of action, if any, against Grimes, is for a tort. Grimes did not sign the bond, and his liability, if any, is simply for any wrongful act he may have committed in assisting Carpenter to convert the funds of the plaintiff, or for his own acts in converting them.

Grimes had no part in making the contract sued on, and could not in any way be held liable on that contract. The surety company had no part whatever in the alleged wrongful acts of Grimes, and can only be held for those wrongful acts, if at all, by virtue of its contract guaranteeing the conduct of Carpenter. There was in no aspect of the case any joint action on the part of the two defendants now before the court, nor can their liability possibly be said to be joint. The distinction between contracts and torts is a fundamental, vital distinction in our jurisprudence, and also in that of England, from which it is derived. It is probably so fundamental in its nature as to be a necessary distinction in any logical system of jurisprudence. Unless all distinctions between contracts and torts are utterly obliterated, an action against one party on a contract and against another on a tort can never be deemed a joint action, nor can their liability be deemed joint. See Hamilton v. Empire Gas & Fuel Co. (C. C. A. 8th) 297 F. 422, where it was held that, when a complaint stated an action on contract against the nonresident defendant alone, and an action in tort jointly against the nonresident and several other resident defendants, it would not prevent a removal of the cause to the Federal court.

For these reasons, the motion will be refused, and an appropriate order entered accordingly.