## WARREN v. MIDLAND VALLEY R. CO. et al.

District Court, N. D. Oklahoma. January 10, 1930.

No. 942.

Sizer, Gardner & Smith, of Tulsa, Okl., for plaintiff.

H. L. Smith, of Tulsa, Okl., and James D. Gibson and O. E. Swan, both of Muskogee, Okl., for defendant railroad company.

KENNAMER, District Judge. The plaintiff commenced this action against the defendants in the district court of Osage county, Oklahoma, to recover damages for the wrongful death of her husband. The defendant Midland Valley Railroad Company is a corporation organized and existing under the laws of the state of Arkansas. The defendants John Pogue and J. H. Haworth and the plaintiff are residents of Oklahoma.

The petition charges that the defendant railroad company was guilty of certain acts of negligence in maintaining a railroad crossing traversing Ute street in the city of Tulsa in an unsafe condition, and charges the roadmaster with the duty of overseeing the maintenance of said crossing, and that he wholly failed in his duty in this respect; that the plaintiff's husband, F. C. Warren, was a guest in an automobile driven by J. J. Walker, and that the automobile in which the deceased and Walker were traveling became stalled on the approach near said railroad crossing, and while they were endeavoring to remove said automobile the north-bound train of the defendant railroad company, being operated by John Pogue as engineer, was operated in a careless and negligent manner, in that it was propelled at a high rate of speed and without giving any warnings as to its approach, and struck the rear end of the automobile, which collision resulted in the death of plaintiff's husband; that the defendants, Midland Valley Railroad Company, J. H. Haworth, and John Pogue, were each guilty of negligence; and that the negligence of said defendants, and each of them, concurring and acting one with the other, jointly proximately caused and contributed to the death of the plaintiff's husband. The case was by the defendant railroad company removed to this court, and the plaintiff has moved to remand the cause to the state court.

Whether this cause is removable depends upon the existence of a separable controversy between the plaintiff and the nonresident railroad company, and this question must be determined upon the averments of the plaintiff's statement of her cause of action. Alabama G. S. R. R. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Illinois Central Ry. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; C., R. I. & P. Ry. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090; Kraus v. C., B. & Q. R. Co. et al., 16 F.(2d) 79 (8 C. C. A.).

The petition in this case charges the alleged specific acts of negligence of each of the defendants concurred and co-operated in producing the death of the deceased. In the case of Hay v. May Department Stores Co. et al., 271 U. S. 318, 46 S. Ct. 498, 499, 70 L. Ed. 965, the acts of negligence charged are analogous and very similar to the acts of negligence as set forth in the plaintiff's petition in the case under consideration. Mr. Justice Sanford, in delivering the opinion of the court, said: "It is clear that this petition stated on its face a case of joint liability arising from concurrent acts of negligence on the part of the defendants, co-operating to cause the injuries, and that it presented no separable controversy with the Stores Company within the established rule applicable in such cases."

Counsel for the defendant railroad company has contended that a separable controversy is presented because of the doctrine of last clear chance. A careful examination of the petition of the plaintiff fails to disclose sufficient allegations making any such issue.

The motion to remand is sustained.