## GULF REFINING CO. v. MORGAN.
### No. 3299.

Circuit Court of Appeals, Fourth Circuit.

Aug. 1, 1932.

H. K. Osborne, of Spartanburg, S. C. (H. L. Bomar and Thomas B. Butler, Jr., both of Spartanburg, S. C., on the brief), for appellant.

John D. Long and P. D. Barron, both of Union, S. C. (Macbeth Young, of Union, S. C., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and WATKINS, District Judge.

SOPER, Circuit Judge.

The Gulf Refining Company, a Texas corporation, filed a bill of complaint against R. G. Morgan, a citizen of South Carolina, in the District Court, to restrain the prosecution in the court of common pleas for Union county, S. C., of a suit previously brought by Morgan against the refining company and D. J. Whitlock, one of its employees, likewise a citizen of South Carolina. It was alleged in the bill for injunction that a separable controversy existed between Morgan and the refining company, and that Morgan had fraudulently joined Whitlock as a party defendant in the suit in the state court in order to deprive the refining company of its right of removal to the federal court, and that, although a petition for removal, accompanied by bond, had been duly filed in the court of common pleas, that court had refused to sign the order of removal, and Morgan was insisting that he had the right to proceed with the trial therein. The criterion in such a situation is whether the case is removable under the acts of Congress; for "it is well settled that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made." Madisonville Traction Company v. St. Bernard Mining Co., 196 U. S. 239, 245, 25 S. Ct. 251, 253, 49 L. Ed. 462. On the other hand, if the case is a removable one, then upon the filing of a petition for removal in due time, with a sufficient bond, the case is in law removed, the state court loses jurisdiction, and it is competent for the appropriate District Court of the United States to restrain the party against whom the case has been legally removed from taking further steps in the state court. Williams v. N. Y., P. & N. R. Co. (C. C. A.) 11 F.(2d) 363, 45 A. L. R. 437.

Since Morgan and Whitlock are both citizens of South Carolina, there was no right of removal to the District Court unless there existed between Morgan and the refining company a separable controversy, as defined in section 28 of the Judicial Code, 28 U. S. C. § 71 (28 USCA § 71); that is, a controversy between citizens of different states which could be fully determined as between them. The refining company contends that such a controversy existed because Morgan included in his complaint filed in the court of common pleas a charge that the refining company and Whitlock had maliciously pub-

lished a libel against him, whereas the publication complained of had in fact been made by the refining company alone without any participation whatsoever by Whitlock. The rule is that, if a plaintiff brings an action in a state court against two defendants jointly, and in good faith states a case of joint liability arising out of the concurrent negligence of the defendants, the situation does not present a separable controversy authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately. Hay v. May Department Stores Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965; Slate v. Hutcherson (C. C. A.) 15 F.(2d) 551; Martin v. Norfolk & W. R. R. Co. (C. C. A.) 43 F.(2d) 293. And the same principle prevents a removal when the plaintiff states a joint cause of action in tort, such as libel, malicious prosecution, trespass, or assault. Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535, 7 S. Ct. 1265, 30 L. Ed. 1235; Pirie v. Tvedt, 115 U. S. 41, 5 S. Ct. 1034, 1161, 29 L. Ed. 331; Lynes v. Standard Oil Co. (D. C.) 300 F. 813; Sanders v. Atlantic Coast L. R. Co. (D. C.) 33 F.(2d) 1010. The District Judge, concluding that the complaint in the state court stated a joint cause of action against both defendants, and that there was no fraudulent joinder of Whitlock to defeat the jurisdiction of the District Court, denied the relief prayed in the bill. We think this decision was correct.

The complaint filed by Morgan in the state court shows that the controversy grew out of the acts of the parties in relation to a contract between him and the refining company, whereby he was placed in possession of a filling or service station in Union county, to sell the gas, oils, and other products of the company as its agent, on a consignment basis, receiving a commission in payment for his services. He entered into this contract at the request of the refining company and Whitlock, who was the company's local manager, having general management and control of its business in that county, with supervision of its retail agents, of its filling and service stations, and of the sale of its products. The plaintiff charged that the two defendants had committed a number of separate acts which resulted in injury to his business and good reputation, and joined them together in one complaint, as permitted by the statutes of South Carolina. See Code of Laws of South Carolina 1932, volume 1, § 484. It was alleged (1) that on August 27, 1930, during the absence of Morgan, the defendants had resumed possession of the service station without notice to him, and had removed the products which it had previously delivered to him to sell under the agreement; and that these actions constituted an unlawful invasion of his rights; (2) that Whitlock, as the agent of the refining company, in the presence of divers persons, had falsely charged the plaintiff with being short in goods and in his accounts; (3) that on a subsequent date, to wit, on September 2, 1930, Whitlock, as the agent of the refining company, had falsely and maliciously spoken other defamatory words in the presence of divers persons intimating that the plaintiff was short and that he would be put in jail; and (4) that subsequently the defendants, actuated and moved by malice toward the plaintiff, had reported to the Standard Surety & Casualty Company of New York, which, at the instance of the defendants, had previously furnished a surety bond to the plaintiff under the consignment agreement, that the plaintiff was short in the sum of $116 in the management and operation of the service station, and had appropriated the money to his own use and benefit.

The theory of the bill for injunction is that the facts fourthly set out in Morgan's complaint in the state court constituted a separable cause of action removable to the federal court. The bill, adopting the allegations of the petition for removal, denied the sending of any such report to the surety company, but admitted that a report was made by an authorized agent of the refining company to the surety company in accordance with the requirements of the bond. It was alleged that Whitlock had no part in the sending of any report to the surety company, no knowledge that any report was made, and no authority to handle matters of this kind on behalf of his employer; and that Morgan knew that his allegations to the contrary were untrue, or by the slightest effort could have ascertained their falsity; and so the conclusion was drawn that the joinder of Whitlock in the suit had been fraudulently made to deprive the company of its right of removal.

■■ The charge of libel involved in sending the report to the surety company constituted a separate and distinct cause of action from those which preceded it in Morgan's complaint; and there is no doubt that, if the joinder of Whitlock was made for the purpose indicated, and with no reasonable expectation of recovering against him, the removal of this cause of action to the federal court would have been justified. Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann.

Cas. 757; Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 147, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144. The question of fraudulent joinder was submitted to the District Judge in the suit in equity on bill and answer, no testimony having been taken; and, in reviewing the matter, we shall confine our consideration to the allegations of the bill and exhibits, to wit, the petition for removal and the complaint in the state court, for the answer to the bill does not clearly traverse its allegations in regard to Whitlock's lack of participation in the report to the surety company. But even if we consider solely the bill and the exhibits, with the inferences fairly to be drawn therefrom, we cannot say that Morgan had no reasonable expectation of recovering against Whitlock on the fourth cause of action in the court of common pleas. These documents show that Whitlock having supervisory authority over Morgan, had checked up his records of sales, and had published the false charge that he was short in his accounts. There was no specific allegation in the bill that Whitlock had made a report to the company of a shortage on Morgan's part, but, in the absence of a denial, it is but reasonable to infer that Whitlock had made such a report as a matter of course, and that the subsequent notice to the surety company was based upon his account of his discoveries. Since the contract between the refining company and Morgan had been entered into at Whitlock's request, and was to be performed under his supervision, and the surety bond had been furnished at his instance, it is a fair assumption that he knew of the requirement for notice to the surety company, in accordance with the usual business practice, if a shortage should be discovered. It follows that Whitlock had every reason to believe that the bonding company would be notified in this case, and he is therefore chargeable with the legal consequences, if in fact he made a false report to his employer.

Bearing these matters in mind, we do not find a sufficient basis in the bill of complaint for the charge of fraudulent joinder. If the accusations of Whitlock were false and malicious, as has been charged, Morgan had a reasonable expectation of recovery in the state court for the libelous statements contained in the report to the surety company, not only against the refining company, but also against Whitlock. The courts, in a number of jurisdictions, have held that the writer and publisher of a libel is liable for

a republication thereof, which follows as a natural and probable consequence of the original publication. Maytag v. Cummins (C. C. A.) 260 F. 74; Sawyer v. Gilmers, Inc., 189 N. C. 7, 126 S. E. 183, 41 A. L. R. 1184; Merchants' Ins. Co. of Newark v. Buckner (C. C. A.) 98 F. 222; Elms v. Crane, 118 Me. 261, 107 A. 852; Zier v. Hofflin, 33 Minn. 66, 21 N. W. 862, 53 Am. Rep. 9; Miller v. Butler, 6 Cush. (Mass.) 71, 52 Am. Dec. 768. It is not necessary to decide here that the facts alleged would warrant a final decision adverse to Whitlock in the case in the state court. It is sufficient to say that the circumstances were such as to justify a reasonable expectation of recovery against him, and to negative the conclusion that the joinder was fraudulently designed to deprive the refining company of its right to trial in the federal court.

The decree of the District Court is affirmed.