## McCOWN v. WILLIAMS et al.
### No. 734.

District Court, E. D. South Carolina.
March 12, 1935.

W. Stokes Houck and McEachin & Townsend, all of Florence, S. C., for plaintiff.

Willcox, Hardee & Wallace, of Florence, S. C., for defendants.

MYERS, District Judge.

The plaintiff brought this case in the court of common pleas for Florence county, S. C. The defendant C. Frank Williams removed the same to this court, and the plaintiff has now made a motion to remand. The defendant C. Frank Williams maintains that there is a separable controversy between him and the plaintiff with which the defendant O. L. Williams has no connection, and to which he is not a necessary or even a proper party. The plaintiff contends that the complaint sets forth a joint cause of action against the two defendants.

The plaintiff is a resident and citizen of the District of Columbia, and the defendant C. Frank Williams is a resident and citizen of Illinois. The defendant O. L. Williams is a resident and citizen of Sumter county, S. C. The defendant O. L. Williams was personally served with the summons and complaint and the defendant C. Frank Williams was served by publication in accordance with the state practice.

The defendant C. Frank Williams has moved this court to quash the service of

the summons and complaint on him, in that the plaintiff brought a personal action against him which is triable only in the state in which he resides. It is proper to dispose of the motion to remand before considering the motion to quash the service, and viewing the case as I do the question of service on the defendant C. Frank Williams should be passed on by the state court.

The complaint sets forth in substance that on April 7, 1916, the McCown-Clark Company, a South Carolina corporation, gave a mortgage to the Jefferson Standard Life Insurance Company of Greensboro, N. C., on real estate situate in Florence and Darlington counties, S. C., to secure the payment of a note for $20,000. That said Insurance Company assigned the said mortgage to the plaintiff when there was due thereon $13,067.75, and that she thereafter assigned the said mortgage to the defendant C. Frank Williams. The complaint further alleges that the said mortgage was assigned to the defendant C. Frank Williams, who was then her son-in-law, in trust, without consideration, for her benefit; that subsequent to the trust assignment O. L. Williams, the father of the defendant C. Frank Williams, acquired title to the mortgaged premises subject to plaintiff's mortgage and with knowledge that C. Frank Williams held the mortgage in trust for the plaintiff. The complaint charges that the defendants, O. L. Williams and C. Frank Williams, without the plaintiff's knowledge and without any consideration moving to the plaintiff or to the defendant C. Frank Williams, collusively connived and conspired together for the purpose of defrauding the plaintiff of the said mortgage, and in furtherance of their fraudulent design and conspiracy satisfied and canceled the said mortgage of record. The plaintiff by her complaint is seeking to foreclose the mortgage and alleges that no part of the mortgage debt has been paid since she acquired same.

The defendant C. Frank Williams takes the position that the complaint presents a separable controversy between himself and the plaintiff, viz.:

A controversy growing out of the alleged transfer by the plaintiff to the defendant C. Frank Williams of the note and mortgage described in the complaint in said action upon the alleged understanding and agreement that the said C. Frank Williams would hold the said note and mortgage for plaintiff and for her sole use, benefit, and behoof, and would assign and transfer said note and mortgage back to the plaintiff at any time she might make such request.

In order for the plaintiff to obtain the relief she is seeking, it is necessary that the satisfaction of the mortgage be canceled, because so long as it remains in its present status it is of no value to the plaintiff. Segregating this feature of the case, it is clearly demonstrable that C. Frank Williams and O. L. Williams are joint parties to the plaintiff's effort to set aside the cancellation. It is alleged that they conspired together and fraudulently canceled the mortgage. If this presents a tort, then they are joint tort-feasors and the action against them to this extent would be joint and several, at the election of the plaintiff. If the cancellation is regarded in the light of the complaint, any attempt to set it aside is a joint action against both of the defendants, because they necessarily committed the act together, at the instance of O. L. Williams, and by agreement between the two. The two are inseparable in their relation to this feature of the case.

■ A suit against a number of defendants charged with having obtained property through a fraudulent conspiracy is not separable, and cannot be removed by one defendant alone. O'Neil v. Birdseye (D. C. N. Y. 1917) 244 F. 254.

It is important to note that the cancellation of the mortgage could not be effectually accomplished without establishing as to the defendant O. L. Williams the trust relationship between the plaintiff and the defendant C. Frank Williams in regard to the mortgage. This is obvious, because O. L. Williams would be in no wise bound to relinquish the benefits of the cancellation unless his knowledge of the trust relationship was established. If the defendant C. Frank Williams had absolute title to the mortgage, it would be his privilege to satisfy it with or without consideration.

Counsel for the defendant C. Frank Williams attempt to segregate those allegations of the complaint which set out the trust agreement without regard to the commingling of these allegations with the entire cause of action as alleged. Under the allegations of the complaint the defendant C. Frank Williams is a proper party to a final determination of the relief sought by the plaintiff. All of the steps in the complaint to afford plaintiff the desired relief are so closely allied and interdependent that there can be no extraction of one phase of the

controversy from the complaint in order to set it up as a distinct issue between the plaintiff and the defendant C. Frank Williams.

■ Where the relief asked in a bill of equity could not be granted unless all who were made defendants were parties, it followed that all of them were necessary parties, and there could not be a separate controversy as to one of them. Graves v. Corbin (Ill. 1890) 132 U. S. 571, 10 S. Ct. 196, 33 L. Ed. 462; USCA § 71, p. 233, title 28.

■ As I view the plaintiff's complaint, if it is necessary to establish the trust relationship as to the defendant C. Frank Williams, it is more essential to establish it as to the defendant O. L. Williams, who is an indispensable party to the full and complete determination of this question, as the action looks towards the disturbance of the benefits received by him by virtue of the satisfaction. The defendant C. Frank Williams, on the other hand, is only incidentally involved in any relief sought by the plaintiff in the establishment of the trust. It is alleged in the complaint that when O. L. Williams acquired the property covered by the mortgage, he knew of the trust agreement between the plaintiff and the defendant C. Frank Williams, which places him in such privity with the defendant C. Frank Williams and the plaintiff that he is bound by the trust agreement to the same degree that the defendant C. Frank Williams was and is bound; in fact, he stands in C. Frank Williams' shoes. The plaintiff, therefore, in seeking to establish the trust in C. Frank Williams must of necessity make O. L. Williams a joint party in this effort, and, should the case be viewed in the light of the petition for removal, it is clear to me that the action to establish the trust is a joint action, even though it might be pursued severally by the plaintiff, but certainly the most that can be said of the two defendants is that it is a joint or a joint and several action. To proceed severally, however, would require a duplication of work and litigation.

■ For the purpose of removal the case must be held to be that which the plaintiff has stated in his cause of action. Rountree v. Mt. Hood R. Co. (D. C. Or. 1916) 228 F. 1010. Where the cause of action is joint or several, and plaintiff elects to treat it as joint, no one of the defendants can treat the suit as against him as severable for the purpose of removal. Chicago, R. I. & P. R. Co. v. Dowell (Kan. 1913) 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090; USCA, title 28, § 71, pp. 287–289.

In Bryan v. Barriger (D. C.) 251 F. 328, the plaintiff, a resident of Kentucky, brought suit against a resident of the state of New York for specific performance of a contract relating to real estate in Kentucky of the value of more than $3,000. The plaintiff joined as a party defendant a corporation of Kentucky, mortgagee of the property involved. The New York defendant asked for removal to the federal court on the ground of a separable controversy. The court held that no separable controversy was presented and that the action was properly triable in the state court, because the defendant resident of Kentucky was a proper party to a complete determination of the matters involved. The defendant O. L. Williams, as the resident defendant against whom relief in this case is sought, presents a much stronger reason for the state court to retain jurisdiction than the resident defendant in the Bryan Case.

Counsel for the defendant C. Frank Williams depend largely on the case of Branchville Motor Co. v. American Surety Co. (D. C.) 27 F.(2d) 631, 632, to support their position. A careful study of the case shows that Grimes, the resident defendant, depended on to oust the federal court of jurisdiction, was not a party to or covered by the contract of surety on which the Surety Company was sued, there was no privity of contract between the defendants, and they were not joint tort-feasors. It is manifest that the facts in that case are altogether different and I doubt very seriously if in the state court the two defendants were properly joined. The following from the Branchville Motor Co. Case shows the distinction: "Grimes had no part in making the contract sued on, and could not in any way be held liable on that contract. The surety company had no part whatever in the alleged wrongful acts of Grimes, and can only be held for those wrongful acts, if at all, by virtue of its contract guaranteeing the conduct of Carpenter. There was in no aspect of the case any joint action on the part of the two defendants now before the court, nor can their liability possibly be said to be joint."

Thompson v. Standard Oil Co. (C. C. A. S. C.) 67 F.(2d) 644, 649, holds: "The rule is established that when the plaintiff's cause of action is joint and several, or where it

arises out of concurrent negligence of the defendants, the plaintiff has the option to sue the defendants individually, or to join them in one action; and if he pursues the latter course, no one of the defendants can treat the suit as it concerns him as several, for the purpose of a removal to the federal court. Slate v. Hutcherson (C. C. A.) 15 F. (2d) 551; Hay v. May Department Stores Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965; Sanders v. Atlantic Coast Line R. Co. (D. C.) 33 F.(2d) 1010."

Under the state practice the joinder of the defendants in every phase of the complaint is proper. Sheppard v. Green, 48 S. C. 165, 26 S. E. 224. Section 404, S. C. Code 1932, provides: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein, and in an action to recover the possession of real estate, the landlord and tenant thereof may be joined as defendants; and any person claiming title or a right of possession to real estate may be made parties plaintiff or defendant, as the case may require, to any such actions." Anderson County v. Griffin, 164 S. C. 75, 161 S. E. 875.

This provision of the statute law has a very useful and important purpose because it permits the bringing before the court of all parties that might have an interest bearing on the whole or any part of the cause of action, and leads to the accomplishment of that which is most desirable in the law— a complete and final determination of a controversy in the most expeditious manner. Bush v. Aldrich, 110 S. C. 491, 96 S. E. 922.

One of the tests of removability is: "Is the whole subject-matter capable of being * * * determined and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit? * * * Moloney v. Cressler (Ill. 1913) 210 F. 104, 126 C. C. A. 618." USCA, title 28, § 71, pp. 226–231.

"Does the declaration state a good case of joint liability under the state laws? If it does, the case is not separable." Baker v. Jacksonville Traction Co. (D. C. Fla. 1917) 247 F. 718, 720. USCA, title 28, p. 226.

For the foregoing reasons the motion to remand will be granted and an appropriate order entered accordingly.