## BROHMAN v. UNITED STATES GYPSUM CO. et al.

### No. 2067.

District Court, W. D. New York.

Aug. 17, 1936.

James R. Buckley, of Oakfield, N. Y., for plaintiff.

Judd & Stakel, of Batavia, N. Y., and Scott, MacLeish & Falk, of Chicago, Ill., for defendant United States Gypsum Co.

KNIGHT, District Judge.

Plaintiff, a citizen of the state of New York, owns certain real property in the town of Oakfield, county of Genesee, N. Y., through which flows a stream of water known as the "Drybrook." Upon this land he has for many years conducted the business of farming and dairying; the use of the waters of the stream being, as claimed by plaintiff, of great value in the conduct of said business and for domestic purposes. The defendant United States Gypsum Company, a corporation of the state of Illinois, is an upper riparian owner on said Drybrook and operates a mine for the mining of gypsum rock, a factory for the manufacture of gypsum products, and a paper mill for manufacturing paper products for use in the gypsum industry. The defendant village of Oakfield, a municipal corporation of the state of New York, is also an upper riparian owner, maintaining a sewer system in said village.

This action is brought to restrain the defendant company from discharging into the stream impure waste waters and sewage, including chemicals, sulphuric substances, alum dyes, waste paper, ink, woodpulp, débris, refuse, decomposed vegetation, sewage, and other deleterious substances, and to restrain the defendant village from discharging into the stream chemicals, sewage, waste materials, débris, and other deleterious substances which, combining as they flow downstream to plaintiff's premises, have, as claimed by plaintiff, killed off and are killing off all forms of fish and vegetable life in said stream and caused it to give off unwholesome and noxious odors, which disturb the plaintiff's enjoyment of the premises and have rendered the waters of the stream impure and unfit for use by the plaintiff in the business of farming and dairying and for domestic purposes, whereby he has been forced to abandon the use of said waters for farming, dairying, and for domestic purposes. Damages for past injuries, caused by the acts of the defendants, are also sought.

The action was commenced in the Supreme Court of the State of New York, Genesee County, and removed to this court on motion of the defendant company upon a petition setting forth that the action involves a separable controversy within the meaning of section 28 of the Judicial Code, as amended, 28 U.S.C. § 71 (28 U.S.C.A. § 71), in that the village of Oakfield is not concerned with the determination as to whether the defendant company has caused substances as heretofore set forth to be discharged into the stream to the injury of the plaintiff, and that the defendant village is neither an indispensable nor necessary party to such determination. Defendant company calls attention to the fact that it is not alleged in the complaint that there was any concerted action on the part of the defendants or any knowledge by either of the acts of the other, or that there was any combination in their acts or in the effects thereof. Such petition also points out that any judgment rendered need not be for or against both defendants, but may be for one and against the other, and that no judgment may be rendered against the petitioner unless the issues are decided against the petitioner, as to which issues the defendant is not a necessary or indispensable party. The plaintiff now moves to remand the case to the Supreme Court of the State of New York on the ground that he has a joint action against the defendants and that no separable controversy exists against the defendant company which would entitle it to remove the action; there being involved as a party defendant a domestic corporation.

Section 28 of the Judicial Code provides that when in a suit "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." If the pleadings present a joint action alone, the plaintiff is entitled to an order remanding the case to the state court even though the defendants could have been sued individually. Chicago, R. I. & P. R. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L. Ed. 1090; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673. The trial must be in this court if it appears that there is a controversy involved, between two of the parties of diverse citizenship, which may be separated from the rest of the cause of action so as to be wholly determinable between such parties so that full and complete relief can be afforded without the presence of the other parties to the action. Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122; Barney v. Latham, 103 U. S. 205, 26 L.Ed. 514.

Whether a separable action is presented must be determined entirely from the pleadings. Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965. The final judgment that may be rendered can have no bearing upon the decision of this motion. Plaintiff, after setting forth the acts of each defendant, alleges that by reason of such acts he has been damaged, and that if such acts are continued, he will be further damaged in the future. The defendant company contends that inasmuch as plaintiff has not alleged in specific terms that the acts of both defendants combined to cause the injuries complained of, the action is not one in which both defendants are necessary parties, although, under the New York practice, they are properly joined.

Although the action might properly be construed as a joint action as to the plea for an injunction because full relief from the nuisance could not be afforded to plaintiff unless both defendants were required to cease polluting the waters of the stream,

on the question of assessing damages for previous injury, the inquiry must of necessity concern each defendant individually, for each is liable in damages only to the extent that its acts have caused pollution. The action is not based upon concurrent negligence of the defendants such as to make either liable for the acts of the other or liable for the whole damage, as was the case in Hay v. May Department Stores Co., supra.

The question as to the degree of pollution caused by the defendant company and the injury such pollution caused to the plaintiff is one with which the defendant village is not concerned. It is a controversy which can be determined between the plaintiff and defendant company and full relief afforded plaintiff for injuries caused by the acts of said defendant company without the presence of the defendant village.

This controversy being separable from the rest of the cause of action, the case is within the jurisdiction of this court, and the motion to remand must be denied.