**MILWAUKEE CHAIR CO. v. ISAACS et al.**

District Court, E. D. Wisconsin.

July 21, 1939.

Shaw, Muskat & Paulsen and Martin Paulsen, all of Milwaukee, Wis., for Milwaukee Chair Co.

Brennan & Brennan, and Martin J. Brennan, all of Milwaukee, Wis., for Helen B. Isaacs, Martin J. Brennan, and Thirtieth Street Co.

410

DUFFY, District Judge.

This matter is before the court on a motion by the plaintiff to remand this action to the Circuit Court of Milwaukee County.

The plaintiff is a Wisconsin corporation. The defendant, Helen B. Isaacs, is a resident of New Jersey, and was not served with process in this action. The defendant, Martin J. Brennan, is a resident of Wisconsin. The defendant, The Thirtieth Street Company, is a Delaware corporation.

This action was brought in the Circuit Court of Milwaukee County, and the defendant, The Thirtieth Street Company, caused the action to be removed to this court. The motion for removal was in proper form, and was timely made.

In the plaintiff's motion to remand, claim was made that The Thirtieth Street Company had waived its right to ask for removal of this cause to the Federal Court; and that it was estopped, because of participation in certain proceedings in the Circuit Court; and that the Circuit Court of Milwaukee County had made no order of removal. However, on the argument before the court these objections were not pressed or urged, and the sole question now before the court is whether the complaint sets forth a separable controversy between the plaintiff and the, defendant, The Thirtieth Street Company.

Section 71, Title 28, of the U. S. Code, 28 U.S.C.A. § 71, contains the following provision: "* * * and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

The plaintiff contends that the primary purpose of this action was to recover damages from the defendants Isaacs and Brennan because of the alleged conversion to their own use of funds belonging to the defendant, The Thirtieth Street Company, and that any other relief asked for by it was merely incidental. Paragraph 14 of the complaint does state that the action is brought by the plaintiff as a minority stockholder of the defendant, The Thirtieth Street Company, on its own behalf, and on behalf of all other stockholders of said corporation similarly situated, and also on behalf of said defendant corporation for the purpose of compelling defendants Helen

B. Isaacs and Martin J. Brennan to reimburse and pay to defendant, The Thirtieth Street Company, all funds of said corporation which have been converted by defendants Isaacs and Brennan to their own personal use.

 If the complaint went no further, then of course the contention of the plaintiff would be sound. There would be no separable controversy between the plaintiff and The Thirtieth Street Company. But it is well settled that we must take the complaint as we find it. In determining whether there is a separable controversy, the allegations in the plaintiff's original pleading are to be considered, and such allegations are to be taken as confessed. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965.

Although the complaint alleges a cause of action against the two individual defendants, it goes further and also contains the following allegations as to the defendant, The Thirtieth Street Company. An examination of the complaint discloses the following allegations as to the defendant, The Thirtieth Street Company:

"That the defendant corporation was originally organized for the purpose of engaging in manufacturing chairs and office furniture; that said defendant corporation has wholly abandoned said business and is no longer in the manufacturing business; that said corporation is not engaged in any business other than that of owning and holding certain real estate in the City of Milwaukee, State of Wisconsin, which real estate it leases to others.

"5. That during the year 1934 the defendant corporation sold all of its machinery and equipment which it used in the manufacture of chairs and other furniture, and also all of its inventory, goods and material in the process of fabrication, so that the defendant corporation no longer owns any property other than said real estate and certain accounts receivable and causes of action as hereinafter set forth.

"6. That said defendant corporation receives the sum of Six Hundred Sixty-six and 67/100 (666.67) Dollars per month as its rental for said real estate and buildings: * * *

"7. That the defendant corporation, its officers and agents, have failed and neglected to pay the real estate taxes due and owing by such corporation; that real estate taxes in excess of Twenty Thousand ($20,-

000) Dollars are now due and owing by the defendant corporation on its real estate in the City of Milwaukee, State of Wisconsin; that said defendant corporation has paid no part or portion of the real estate taxes levied since 1934; that while the real estate and buildings originally involved a substantial expenditure of funds by said defendant corporation and were formerly of considerable value, said real estate and buildings have greatly depreciated in value and there is no market value for the same, and plaintiff is informed and believes that the market value of said real estate does not exceed the value of the delinquent taxes due and owing upon said real estate.

"8. Plaintiff alleges that the defendant corporation is insolvent and that defendants Helen B. Isaacs and Martin J. Brennan, the principal and majority stockholders of said corporation, dominate and control the affairs of said corporation, and are illegally using the funds and property of said corporation for their own personal purposes, and plaintiff alleges upon information and belief that they do not intend to pay the delinquent taxes or any part thereof upon the property of the defendant corporation * * *

"9. That the lease covering such real estate will expire on or about the 31st day of December, 1940; that as soon as said lease expires the buildings of the defendant corporation will become wholly worthless unless the presently existing delinquent taxes are paid; that in such event it will be reasonably necessary to tear down and remove such buildings located upon said real estate in an effort to minimize and reduce the taxes upon said property; * * *

"10. That defendant Martin J. Brennan purports and pretends to be a director, vice president and general manager of said defendant corporation; that as such vice president and general manager he has collected all of the rents and has charge of the funds of said defendant corporation and has not turned over any part or portion thereof to the treasurer of the defendant corporation and has not permitted the treasurer to draw any check or checks against such funds; that all of such funds have from time to time been drawn out of the bank upon the signature of defendant Martin J. Brennan; that defendant Helen B. Isaacs purports and pretends to be a director and president of said corporation and has authorized and approved the acts of defendant Martin J. Brennan."

In paragraph 11 of the complaint, after naming the officers, the plaintiff alleges:

"That each and all of such persons are under the domination and control of defendants Martin J. Brennan and Helen B. Isaacs; that said persons were never lawfully elected directors; that the defendant corporation failed to give notice to the stockholders of the meeting attended by defendants Helen B. Isaacs and Martin J. Brennan at which they purported and pretended to elect such persons as a board of directors; that said persons in claiming to act as officers and directors of said corporation refused to recognize the plaintiff as a stockholder of the defendant corporation and refused to transfer and record upon its records the certificate of capital stock which the plaintiff owns in said defendant corporation * * *

"13. That plaintiff is informed and believes that defendants Helen B. Isaacs and Martin J. Brennan have illegally withdrawn from the defendant corporation and converted to their own personal use funds in excess of the sum of Eleven Thousand ($11,000) Dollars belonging to the defendant corporation: * * *"

Contained in the prayer for relief is the following: "* * * and also prays that the Court appoint a receiver to hold and receive said funds so collected and to collect and receive all rents and profits arising from the real estate owned by the defendant corporation, and that such receiver be empowered to liquidate the affairs of said defendant corporation as provided by law."

From the foregoing quotations it clearly appears that the plaintiff has alleged facts showing that the defendant corporation is insolvent. Plaintiff further asks for a receiver with power to liquidate the corporation; thus a separable controversy between the plaintiff and the defendant, The Thirtieth Street Company, is set forth in the complaint. It would further appear that this issue can be fully determined as between them.

Plaintiff relies strongly on Campbell v. Milliken, C. C., 119 F. 981. But that case is clearly distinguishable. The court there said: "This relief is asked as to the Golden Cycle Mining Company as well as to the individual defendants. What is asked in respect to the Golden Cycle Mining Company is not in the way of ultimate relief. There is no final decree sought in respect to that company as a measure of general relief, and there could not be in a suit

of this kind, unless it were a dissolution of the corporation; and that is not sought."

A case in point is Wallace v. Motor Products Corporation, 6 Cir., 25 F.2d 655. A minority stockholder who resided in Michigan instituted suit against a New York corporation and certain directors, some of whom were residents of the State of Michigan. The plaintiff sought to set aside certain reorganization proceedings and asked for damages against certain directors and stockholders for unlawful acts. The court held that as between the plaintiff and the defendant corporation, a separable controversy existed and that the case was properly removed to the Federal Court. The court stated, 25 F.2d at page 657: "The bill sets up two causes of action—one against the new corporation to annul its charter and to enjoin certain acts which it alone could do and upon which it alone might have been sued; the other against the individual defendants for damages sustained as a result of their unlawful acts as directors and stockholders of the old corporation."

The court in the Wallace case relied on Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 809, 47 L.Ed. 1122. The Supreme Court in that case pointed out that a suit "may, consistently with the rules of pleading, embrace several distinct controversies. * * *"

The motion to remand is denied.