## COTTON v. IOWA MUT. LIABILITY INS. CO. et al.

### No. 4731.

District Court, W. D. Missouri, W. D.

May 23, 1947.

Supplemental Opinion June 14, 1947.

Harry A. Hall, David H. Bresler, and Frank L. Cohn, all of Kansas City, Mo., for plaintiff.

Cowgill & Popham and Sam Mandell, all of Kansas City, Mo., for defendant Iowa Mutual Liability Ins. Co.

Vance Julian, of Clinton, Mo., for defendant Haden R. Frisbie.

Arvid Owsley, of Jefferson City, Mo., for defendant Harris.

REEVES, District Judge.

This is an action for a declaratory judgment under Section 400, Title 28 U.S.C.A. The plaintiff says he was injured by reason of the negligence of the personal defendant Haden R. Frisbie. It is alleged, however, that the said Frisbie contends that he was operating a motor vehicle which was the property of the Missouri State Guard and that at the time he too was an enlisted man of the Reserve Military Force and that by reason of such relationship he was exempt from liability by reason of Section 4 of the Laws of Missouri 1943, p. 644, Mo.R.S.A. § 15022.4, as follows:

"Neither the officers nor the enlisted men of the Reserve Military Force shall be liable for civil action, for the death of, or any injury to, persons or for any damage to property as a result of any action taken by any member or members of the Reserve Military Force while engaged in and pur-

suant to the performance of lawfully ordered duties as members of the Reserve Military Force."

There is a further averment that the corporate defendant, Iowa Mutual Liability Insurance Company, by its policy No. 182192 had for a premium payment insured the other personal defendant, General John A. Harris, and the·Missouri·State Guard and its members against liability for bodily injuries in the sum of $100,000.

Because of said statute, the corporate defendant, it is alleged, also denies liability for the reason that if said Frisbie was not liable, then his insurer would, in like manner, be relieved of liability.

The plaintiff seeks to have construed the provisions of the statute above quoted and to have a determination and a declaration that said statute did not relieve the defendant Frisbie and the ·corporate defendant from the legal responsibility for the damages suffered by the plaintiff, "by reason of the defendant Haden R. Frisbie, negligence and carelessness as aforementioned."

There is a further prayer for a construction of the insurance policy, a copy of which was purported to have been attached to the complaint, but was not, "and to declare that the defendant, Iowa Mutual Liability Insurance Company, is legally responsible for the injuries and damages suffered by the plaintiff as aforesaid and that said policy insures against * * * personal injury liability under the facts and circumstances aforementioned."

The corporate defendant removed the cause from a state court upon the theory that there was a separable controversy as to it. Both the personal defendants moved for a dismissal because of the express provisions of the statute above mentioned.

One of the grounds for the dismissal was that an identical action is now pending in the Circuit Court of Boone County, Missouri. It is not disclosed whether the corporate defendant is made a party there.

1. While a motion to remand has not been filed in the case yet there is a question whether, upon the averments of the complaint, this court has jurisdiction.

If Haden R. Frisbie was acting for and on behalf of the Reserve Military Force of Missouri as an enlisted man, then the plaintiff asked the court to construe such statute to determine whether or not he would in fact be exempt from liability, and, if so, then both said Frisbie and the corporate defendant would be discharged of liability. If the said Haden R. Frisbie is not liable under the statute, then quite clearly the corporate defendant would not be liable. The liability of the corporate defendant is interwoven with that of the personal defendant Haden R. Frisbie. In solving this question both of them are necessary and proper parties and since the said Frisbie is a resident of Missouri this court would not have jurisdiction of the parties.

2. The fact that the plaintiff asked for a construction of the policy as to whether it is liable as an insurer would clearly depend upon its relationship to the personal defendant, Haden R. Frisbie. Both of these parties are not only needful but necessary and inseparable to a proper determination of their liability upon the facts assumed in the complaint.

3. If it should appear from the evidence that the defendant Frisbie was acting for himself and wholly apart from his· connection with the Reserve Military Force of Missouri, then apparently the policy would not cover him. However, the plaintiff would be entitled on his complaint to have a judgment or a decree as to what the precise relationship is between the two parties; that is to say, the corporate defendant and the defendant Frisbie. General Harris should be considered only a nominal party. No judgment is sought against him and none could be returned against him. He wisely procured the insurance as a precaution and the fact that the insurance was granted in the face of the statute would indicate that the corporate defendant was disposed to carry the insurance independently of the statutory provisions. Whether it can be heard to say that it was not liable under the circumstances is a question not to be considered here.

Apparently this case should be sent back to the state court of the court's own motion. Such an order will not be made, however, until the parties have been given an opportunity to be heard. Unless briefs are filed showing that jurisdiction should be re-

tained here, the case will be remanded to the state court at the end of twenty (20) days from the date the parties are advised of this memorandum.

### Supplemental Opinion.

On May 23rd a memorandum opinion was written in the above case wherein it was suggested that this court was without jurisdiction and that the case of the court's own motion should be remanded to the state court. Pursuant to such memorandum the corporate defendant, Iowa Mutual Liability Insurance Company, has filed an exhaustive and able brief wherein it is sought to uphold the jurisdiction of this court. The brief of counsel is upon the theory of principal and surety and does not take into consideration the peculiar nature of indemnity insurance. If the plaintiff be correct in his contention the corporate defendant insured the personal defendants on behalf of the plaintiff as beneficiary. In other words, it is as if a policy of insurance had been obtained by Haden R. Frisbie from the corporate defendant with the plaintiff as beneficiary. And, since the defendant Frisbie is a resident of Missouri, the case would fall within the rule of the court in the opinion of Branchville Motor Co. v. American Surety Co., D.C., 27 F.2d 631, 632, cited by counsel. Jurisdiction was denied in that case because of the residence of the parties. The court said, however:

"If the plaintiff had brought its suit against the surety company and Carpenter on the bond executed by them, there would have been a joint cause of action stated, and, if Carpenter had been a resident of South Carolina, the suit would not have been removable. * * *."

This hypothesis precisely fits the situation of this case. Frisbie is a resident of the same state with the plaintiff and according to the averments of the complaint the policy was issued to meet the liability of Frisbie in favor of the plaintiff.

Moreover, the answer filed by the corporate defendant does not assert a separate and distinct liability insofar as it is concerned but meets the precise charge made by the plaintiff. It should be noted that there is a marked difference between a contract of insurance against loss and one against liability. Stag Mining Co. v. Missouri Fidelity & Casualty Co. et al., Mo.App., 209 S.W. 321, loc. cit. 323. And this is true whether it is a contract of indemnity against liability or one of indemnity against damages. Both would have the same significance in this case. There is no reason why the identical defense made here could not be heard in the state court, and, as indicated, there being a joint cause of action alleged, it is the duty of the court to remand the case even though no joint cause of action in fact may be established against the corporate defendant.

The case should be remanded to the state court and it will be so ordered.